**Wendell Bennett MAXIE, Appellant,**

**v.**

**Harold A. COX, Warden, New Mexico State Penitentiary, Appellee.**

**No. 8478.**

United States Court of Appeals
Tenth Circuit.

Feb. 21, 1966.

John C. Ohrenschall, Boulder, Colo., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Boston E. Witt, Atty. Gen., State of New Mexico, on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

This appeal is from the denial of habeas corpus relief to appellant, a prisoner in the New Mexico penitentiary serving a state sentence. The federal district court appointed counsel for appellant and conducted a hearing at which appellant testified and the warden introduced a transcript of the state proceedings. Included therein was a stenographic report of the arraignment and sentencing. On the evidence adduced the district court found that no prejudice resulted to appellant from the lack of counsel at a preliminary hearing; that the plea of guilty in the state court was entered knowingly and intelligently; and that the appellant acknowledged to the state court his satisfaction with his counsel. On the basis of these findings the court denied the writ.

We have repeatedly held in New Mexico habeas cases that a voluntary plea of guilty waives all defects in the proceedings preliminary thereto. See Pearce v. Cox, 10 Cir., 354 F.2d 884; and

Gantar v. Cox, 10 Cir., 351 F.2d 65, 66. From our examination of the record we are convinced of the sufficiency of the evidence to sustain the finding of the voluntariness of the plea.

This would end the matter but for one thing. Appointed counsel in this court has suggested that at the time of the state court plea the prosecuting attorney and the state court appointed counsel were members of the same law firm. Although the record is not conclusive on the point, it indicates that this situation existed. We disapprove of such practice. It is unseemly for law partners to appear on opposing sides of a lawsuit. Reversal is not justified because the point was not raised below and no showing is made of prejudice. The appellant stated to the state court that he was satisfied with his lawyer.

Affirmed.