**Thomas M. MOORE, Appellant,**

v.

**Felix RODRIGUEZ, Acting Warden, New Mexico State Penitentiary, Appellee.**

**No. 9069.**

United States Court of Appeals
Tenth Circuit.

May 2, 1967.

J. E. Gallegos, Santa Fe, N. M., for appellant.

Boston E. Witt, Atty. Gen., Santa Fe, N. M., and L. D. Harris, Sp. Asst. to Atty. Gen., Albuquerque, N. M., for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, District Judge.

PER CURIAM.

Moore is confined in the New Mexico State Penitentiary where he is serving a sentence for the crime of second degree murder, following a plea of guilty entered on March 17, 1955. He appeals from an order denying his petition for a writ of habeas corpus in which he alleges that his plea of guilty resulted from a coerced confession, and was, therefore, involuntary.

Prior to the confession, Moore was removed from Albuquerque, New Mexico by federal authorities and held in the city jail at Santa Fe, New Mexico, where, without benefit of counsel, he was questioned at various times by police and others. After about 30 days he admitted his guilt. Following the confession, Moore was charged with murder in the first degree. Apparently two preliminary hearings were held before a District Judge, where the confession was used, over the objection of Moore's counsel. Moore was bound over to the District Court for trial. On February 10, 1955, Moore was ar-

**818**

raigned in the District Court and entered a plea of not guilty to the charge. The proceedings were then attacked by habeas corpus in the Supreme Court of New Mexico, where the petition was dismissed for no stated reason. Thereafter, following conferences between Moore's counsel and the District Attorney, Moore appeared with his attorneys in District Court where he withdrew his plea of not guilty and entered a plea of guilty to a charge of murder in the second decree. The court conducted a thorough inquiry into the voluntariness of Moore's guilty plea. Prior to the acceptance of the plea, Moore, in response to questions by the District Judge, stated that it was his desire to change his plea; that he did so of his own free will and accord, without any pressure or promises by anyone; that his action was not the result of any threats; that it was with the knowledge that he had a right to a jury trial, which right he desired to waive; that he had consulted with his attorneys, with whom he was "more than satisfied", and that he was certain that they could not have done more for him.

While it is well settled that a guilty plea in either state or federal court is inconsistent with due process if obtained through promises or threats, Lattin v. Cox, 10 Cir., 355 F.2d 397, it is equally well settled that a plea of guilty voluntarily made waives all non-jurisdictional defenses, and a sentence which follows a voluntary plea of guilty is the result of that plea and not the result of evidence theretofore obtained. Mahler v. United States, 10 Cir., 333 F.2d 472, cert. denied 379 U.S. 993, 85 S.Ct. 709, 13 L. Ed.2d 613. See also, Gallegos v. Cox, 10 Cir., 358 F.2d 703, cert. denied 385 U.S. 869, 87 S.Ct. 138, 17 L.Ed.2d 97; Maxie v. Cox, 10 Cir., 357 F.2d 335; Sullivan v. United States, 10 Cir., 315 F.2d 304, cert. denied 375 U.S. 910, 84 S.Ct. 203, 11 L. Ed.2d 149, reh. denied 376 U.S. 928, 84 S.Ct. 669, 11 L.Ed.2d 628; Barnhart v. United States, 10 Cir., 270 F.2d 866.

We have carefully examined the record and are satisfied that there is ade-quate evidence to sustain the findings of the trial court that the plea of guilty was voluntarily made.

Affirmed.