**Lawrence D. MARTINI, Petitioner,**

v.

**SHERIFF, LOS ANGELES COUNTY et al., Respondent.**

**Civ. No. 70–1676.**

United States District Court,
C. D. California.

March 9, 1971.

Lawrence D. Martini, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Laurence M. Sarnoff, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

ORDER DENYING PETITION
FOR
WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner, a California State prisoner, is presently incarcerated in the Los Angeles County Jail awaiting trial on charges of battery upon a police officer (Penal Code, § 242). He here seeks to attack a sentence of 5 years to life imposed on him October 25, 1957, in Orange County Superior Court following his plea of guilty to violating Penal Code, § 211 (First Degree Robbery) for which he served time in a State prison before his parole January 5, 1962. The record indicates that he has been sentenced twice subsequently as a parole violator in addition to the current pending charges.

Petitioner did not appeal his sentence, stating that he did not know how to appeal. His petition alleges that he sought post-conviction relief by seeking writ of error coram nobis in Orange County Superior Court, denied March 25, 1970; error coram vobis or alternative writ of habeas corpus in the Court of Appeal, Fourth Appellate District, denied May 7, 1970; error coram vobis or alternative writ of habeas corpus, Supreme Court, denied July 1, 1970. He then filed the instant Petition on July 30, 1970.

Petitioner contends that he spoke to appointed counsel only once, discussed no defenses, and was told by counsel that an arrangement had been made with the District Attorney that he would receive a light jail sentence and probation if he pled guilty to one count of armed robbery with a dangerous weapon. He further claims that he was ignorant of his rights, and his free will and clear judgment were "over reached" by the deal.

After reviewing the Petition, the Response, the points and authorities presented by both parties, and the Petition in the California Supreme Court based on these same grounds, this Court is fully advised in the premises and orders that the Petition for Writ of Habeas Corpus be denied for the following reasons.

■■ It is apparent that Petitioner did not exhaust his state remedies. He did not attempt to file notice of belated appeal under California Rule of Court 31(a), Still v. Fitzharris, 413 F.2d 977 (9th Cir. 1969), nor does he present a plausible reason for failing to attack his conviction for 13 years. This is a reasonable requirement in California, and has long been required. In re Swain, 34 Cal.2d 300, 209 P.2d 793 (1949). Habeas Corpus is no substitute for appeal and will be precluded in the absence of showing of an attempt to seek relief as indicated. Lembke v. Field, 380 F.2d 383 (9th Cir. 1967).

■■ There is an additional remedy available. If Petitioner is attempting to claim that his guilty plea was involuntary, he may apply to the trial Court to vacate the judgment and set aside the plea. Gardella v. Field, 291 F.Supp. 107 (C.D.Cal.1968). Denial of such a motion is also appealable in the State to the District Court of Appeal or the Supreme Court. Holley v. Cheubront, 351 F.2d 615 (9th Cir. 1965). The plea was entered prior to the effective date of Penal Code, § 1237.5, providing for withdrawal of guilty plea, but Petitioner has still failed to meet the test then required, namely, that the claimed error must be substantially equivalent to fundamental constitutional deficiencies which would nullify the plea of guilty. People v. Laudermilk, 67 Cal.2d 272, 61 Cal.Rptr. 644, 431 P.2d 228 (1967).

Here, although there is a bare statement to the effect that Petitioner's will was overborne, no facts support it. It is not alleged that petitioner was not in fact guilty, and the record indicates that his plea was induced in the hope of receiving a lighter sentence, Aguilar v. Field, 423 F.2d 271 (9th Cir. 1970), nor did he show that the plea was not knowing and voluntary. Plea bargaining itself will not vitiate a plea of guilty, and

there is no claim on unkept promises to him by the prosecution, but rather an alleged hearsay statement to his counsel. Cortez v. United States, 337 F.2d 699 (9th Cir. 1964). In fact, it strains our credulity beyond the breaking point to ask us to believe that if the guilty plea had been entered in reliance on an unkept promise, petitioner not only would have failed to remonstrate with court and counsel at the time of sentence, but would also have waited 13 years to raise the issue.

Finally, even if there were a deal as claimed, no action by this Court could affect his present status. He was told that he would have to serve time and then be placed in constructive custody, which he termed "probation". He did in fact serve time, albeit longer than he had hoped, and was then placed in constructive custody by way of parole, which he later violated. His subsequent incarcerations for violations of the parole would have been the same had they been violations of probation. As noted, he is awaiting trial on a new charge and the record does not indicate that there is pending any action against him as a parole violator at present time. Rather it is clear that he has a present tentative discharge date of April 28, 1971.

From the preceding analysis of Petitioner's contentions, it is apparent that there are no grounds or reasons of any kind to grant an evidentiary hearing, or to support the issuance of a writ of habeas corpus. Petitioner is not entitled to any relief since he does not demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Martinez v. Wilson, 357 F.2d 173 (9th Cir. 1966); Chambers v. Maroney, 399 U.S. 42, 54, 90 S.Ct. 1975, 26 L.Ed. 2d 419 (1970).

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.