254 So.2d 450

STATE of Louisiana

v.

Robert VALENTINE.

No. 51603.

Nov. 8, 1971.

Donald A. Hoffman, Salvador M. Cusimano, New Orleans, for defendant-appellant-respondent.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee-relator.

ON WRITS OF CERTIORARI, PROHIBITION AND MANDAMUS

McCALEB, Chief Justice.

Robert Valentine, at the time of his trial in 1956 on a charge of aggravated rape (a capital offense) appeared in court accompanied by his counsel, withdrew his plea of not guilty, and, with the consent of the State, voluntarily entered a plea of guilty to the charge. The judge then imposed a sentence of life imprisonment in the Louisiana State Penitentiary.

In 1971 Valentine filed a writ of habeas corpus in the Criminal District Court for the Parish of Orleans, alleging that his conviction and sentence under his guilty plea should be set aside because it was based on an illegal indictment, returned by a grand jury unconstitutionally composed in that Negroes, of which race he is a member, were systematically excluded therefrom.

The trial judge following a hearing, granted the relief sought and ordered Valentine released from the State Penitentiary. On application of the State, we granted this writ, 259 La. 326, 249 So.2d 925, to review the trial judge's ruling.

The order below is predicated on the holding in Eubanks v. State of Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991, to the effect that a defendant is denied constitutional equal protection of the law if he is indicted by a grand jury from which members of his race are excluded because of their race. Valentine's counsel rely on the Eubanks case, as well as on others of similar tenor, including Labat v. Bennett, 365 F.2d 698 (5th Cir., 1966), cert. den. 386 U.S. 991, 87 S.Ct. 1303, 18 L.Ed.2d 334.

However, the question for determination here is not whether the grand jury that indicted defendant was unconstitutionally drawn. It is conceded by the State that, under subsequent holdings, the jury as drawn was, in fact, violative of constitutional guarantees. Rather, the question is whether Valentine, by his guilty plea, waived his right to challenge the constitutionality of the composition of the grand jury and the indictment returned by it; and, further, whether the issue may be raised in a state habeas corpus proceeding at this time.

It is well settled that a plea of guilty, if knowingly and voluntarily made by an accused represented by counsel works a forfeiture of a vast range of rights, procedural and substantive. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L. Ed.2d 747; and Wright v. Craven, 325 F. Supp. 1253 (D.C.1971). And the cases are legion that by such a plea an accused waives all non-jurisdictional defects. Weir v. United States, 7 Cir., 92 F.2d 634, 114 A.L.R. 481, cert. den. 302 U.S. 761, 58 S.Ct. 368, 82 L.Ed. 603, reh. den. 302 U.S. 781, 58 S.Ct. 479, 82 L.Ed. 603; Maxie v. Cox, 10 Cir., 357 F.2d 335; Bloombaum v. United States, 4 Cir., 211 F.2d 944; Busby v. Holman, 5 Cir., 356 F.2d 75 (1966); Gillespie v. United States, 7th Cir., 409 F.2d 511 (1969); 21 Am.Jur.2d 483, 485, Section 495, and the cases relied on.

Counsel for Valentine contend these pronouncements are not controlling since a legal proceeding could not have been conducted without a valid indictment, and, hence, the defect is a jurisdictional one which vitiates the guilty plea. But, as above noted, the federal jurisprudence is to the contrary. These courts have specifically held that among the non-jurisdictional defects waived by a voluntary guilty plea is the right to challenge the composition of the grand jury returning the indictment. Colson v. Smith, 438 F.2d 1075 (5th Cir., 1971); Williams v. Smith, 434 F.2d 592 (5th Cir., 1970); Throgmartin v. United States, 424 F.2d 630 (5th Cir., 1970); Maxie v. Cox, supra; Gillespie v. United States, supra; Parks v. Peyton, D.C., 303 F.Supp. 330, and the authorities therein cited.

In Colson v. Smith, supra, the Fifth Circuit Court of Appeals said: "At the outset we advert to the settled rule in this Circuit that a voluntary plea of guilty waives all

nonjurisdictional defects, including the right to challenge the construction of the grand jury. * * * We subscribe fully to the principle that guilty pleas are meant to be, and should be, final. And if there was ever any doubt in our minds of the inviolability of that principle, there is certainly no longer any doubt after the Supreme Court's recent decisions declaring with unmistakable clarity its firm commitment to the finality of guilty pleas." [1] The court cites McMann v. Richardson, 397 U. S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Brady v. United States, supra; and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785; all decided in 1970.

The United States Supreme Court held in the McMann case that such a plea, if valid, serves to insulate even unconstitutional state action from subsequent review. There, the question for decision was whether the guilty plea had been voluntarily and intelligently made when motivated by a coerced confession that was admissible in evidence under a procedure of the state which was later held to be unconstitutional. The court said:

"What is at stake in this phase of the case is not the integrity of the state convictions obtained on guilty pleas, but whether, years later, defendants must be permitted to withdraw their pleas, which were perfectly valid when made, and be given another choice between admitting their guilt and putting the State to its proof. * * * This would be an improvident invasion of the State's interests in maintaining the finality of guilty-plea convictions *that were valid under constitutional standards applicable at the time.*" (Emphasis ours.)

In Parker v. North Carolina, supra, the applicant for habeas corpus raised, among other contentions, that his guilty plea could not stand because (like the instant case) the grand jury was unconstitutionally constituted in that members of his race were systematically excluded. The United States Supreme Court ruled that, since under North Carolina procedural law an objection to the composition of the grand jury must be raised by a motion to quash prior to the ruling on the guilty plea, "We are under similar constraint when asked to review a state court decision holding that the same rule of practice requires denial of collateral relief."

A similar procedural rule obtains under Louisiana law. See Article 535(B) and (D) of the Code of Criminal Procedure. And we hold in accordance with the settled jurisprudence [2] that we cannot now enter-

---

1. The defendant was granted relief in the Colson case only because the court found the plea had been entered on advice of counsel who was ineffective and incompetent in representing him.

2. State v. Labat, 226 La. 201, 75 So.2d 333, affirmed, Michel v. Louisiana, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83 (1958), reh. den. 76 S.Ct. 340, 350 U.S. 955, 100 L.Ed. 831.

tain collateral attack on Valentine's guilty plea under our law. Failure to raise the issue before the guilty plea was entered operates as a waiver which precludes consideration of the contention now asserted.

The only case cited by counsel for Valentine holding that a defendant's right to challenge the construction of the jury is a jurisdictional defect which cannot be waived by a guilty plea is Henderson v. Tollett, No. 5996 on the civil docket of the federal district court for the Middle District of Tennessee, now on appeal to the Sixth Circuit. This unpublished opinion, a certified copy of which is in the record, is based on a general statement of the effect of waiver, and is contrary to the pronouncements of other federal courts on the same subject which we have cited above.

We therefore conclude the trial judge erroneously set aside the former conviction and sentence under the defendant's guilty plea.[3]

In view of this, we find it unnecessary to consider the State's alternative contention that the trial judge abused his discretion in limiting the time within which Valentine could be reindicted and retried.

3. During oral argument a question was raised as to whether plea bargaining could affect the validity of a free and voluntary plea of guilty. This point has not been briefed, and, in any event, it is without merit. Plea bargaining does not, of itself, vitiate a guilty plea, and there is no evidence in the record from which it may be concluded such bargaining ever

For the reasons assigned, the judgment of the trial court is reversed, and the habeas corpus proceeding is dismissed.

occurred before the plea was entered, or that, if it did, it was conducted in such a manner as to render the plea of no effect. Cortez v. United States, 337 F.2d 699 (9th Cir., 1964); Gafford v. United States, 438 F.2d 106 (5th Cir., 1971); and Martini v. Sheriff, D.C., 325 F.Supp. 649.