281 So.2d 451 (1973)
STATE of Louisiana
v.
Ramon TORRES, III.
No. 52977.
Supreme Court of Louisiana.
February 19, 1973.
Dissenting Opinion February 21, 1973.
On Rehearing August 20, 1973.
*452 Cyrus J. Greco, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., New Orleans, Sargent Pitcher, Jr., Ossie B. Brown, Dist. Attys., Baton Rouge, Alton T. Moran, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
On December 15, 1971, Ramon Torres, III was charged by bills of information with the crimes of aggravated burglary and aggravated crime against nature. Prior to the trial the defendant's counsel filed a motion to suppress certain inculpatory statements and a confession made by the defendant to police officers investigating the case. This motion to suppress was denied by the trial court to which ruling the defendant objected and reserved a bill of exceptions. Thereafter, prior to the trial the defendant applied to this court for remedial writs complaining of the denial of the motion to suppress. The application for remedial writs was denied by this court on the grounds that the defendant had an adequate remedy through appeal in the event of a conviction. State v. Torres, 261 La. 770 (1972), 260 So.2d 699.
On the date set for trial the defendant's counsel announced to the court that the defendant was willing to plead guilty to the charge of aggravated crime against nature. Prior to the entry of the plea of guilty, however, defense counsel and the state entered a stipulation into the record which is the basis of the main issue on this appeal. Following the entry of the stipulation the defendant was extensively "boykinized,"[1] and he was then allowed to plead guilty to the charge of aggravated crime against nature. The court sentenced the defendant to the Department of Corrections for a period of 7 years.
On this appeal we are asked to review two bills of exceptions reserved and perfected by the defendant prior to the plea.
At the outset we are met with the argument made by the state that a plea of guilty operates as a waiver of all non-jurisdictional defects occurring prior thereto (which would preclude us from reviewing the bills of exceptions. See State v. Valentine, *453 259 La. 1019, 254 So.2d 450 (1971), and cases cited therein).
The defendant contends, however, that the rule concerning waiver of non-jurisdictional defects by a plea of guilty, is only operative, where the plea of guilty is knowing and voluntary. Defense counsel further contends that the plea of guilty in this case was not a knowing and voluntary plea, because the defendant was of the belief at the time the plea was made that the question of the admissibility of his inculpatory statements and confessions would be reviewed by this court on appeal. That is, defense counsel contends that since the defendant was under a mistaken belief that the bill of exceptions taken to the denial of the motion to suppress would be reviewed by this court on appeal, then his consent or will to make the plea is vitiated, if this court on appeal cannot review the bill of exceptions because of the rule of the Valentine case, supra.
We admit that in order for a plea of guilty to be valid (therefore precluding on appeal a review of prior non-jurisdictional defects), it must be an intelligent, understanding and voluntary waiver of the defendant's constitutional right to a jury trial with all of the consequences and rights attending such a trial (such as the right to have certain errors of the trial court reviewed upon appeal) Boykin v. Alabama, supra. We also find that the bill of exceptions taken to the denial of the motion to suppress the inculpatory statements and confession of the defendant is addressed to an allegedly non-jurisdictional defect. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).
Therefore, we are faced with the task of ascertaining from the record before us whether the defendant's plea of guilty was tainted by his mistaken belief that we would on appeal review his bill of exceptions taken to the denial of the motion to suppress.
Defense counsel contends that the effect of the stipulation entered into between him and the prosecutor was to cause the defendant to plead guilty under the assumption that he could have his plea set aside on appeal should we review his bill of exceptions and find it valid. However, from the transcript that we have before us, we cannot make a finding that the defendant was, in fact, pleading guilty subject to the condition that this court would review his bill of exceptions on appeal. The stipulations which were entered into were obviously the work of defense counsel, and we have no way of ascertaining from this record the state of mind of the defendant. Therefore, we are unable to say that the record supports the defendant's contention that his plea of guilty was not voluntary and understanding. The trial court extensively "Boykinized" the defendant, as reflected in some eight pages of the transcript, and made it clear to him that he was waiving a vast number of rights guaranteed to him by the United States Constitution and, in effect, admitting his guilt. More specifically, the trial court questioned the defendant regarding his waiver of the presumption of innocence, right to trial by jury, right to cross-examine his accusers, and the right to compel witnesses to testify in his behalf. The defendant responded to each of these questions by indicating that he understood these rights and understood that he was waiving them by pleading guilty. More significantly, however, the trial court asked Mr. Torres whether he had been promised anything in connection with his plea, to which he responded in the negative. We feel that with the record in this state the defendant's contention that the plea was not a voluntary and understanding plea is not substantiated. The defendant was shown to have at least some college education and we feel that he recognized the seriousness of his plea and all of its ramifications.
Our holding that the record does not substantiate the defendant's contention, of course, means that we are precluded *454 from reviewing the bills of exceptions taken prior to the plea. We are limited on this appeal to an inspection of the pleadings and proceedings for errors discoverable on the face thereof. State v. Valentine, supra. We find none.
We note, however, that the defendant is not without a remedy to further complain and show that his plea was made under the mistaken assumption concerning our appellate review. By way of habeas corpus the defendant may well be able to show that his plea was invalid due to the peculiar circumstance of the entry of the stipulation, and his understanding of the advice of his attorney.[2] We are merely saying here that the record before us on this appeal does not support his contention.
For the reasons assigned, the conviction and sentence are affirmed.
TATE, J., concurs and assigns reasons.
BARHAM, J., dissents and assigns reasons.
TATE, Justice (concurring).
If we do not review the merits of the bills, the plea of guilty should be set aside, as entered under the express assumption that his complaint would be reviewed on appeal, and the conviction (plea of guilty) set aside and a new trial ordered if such complaint is upheld.
However, in my opinion (despite contrary expressions in the prior jurisprudence, which may not have involved this precise question of a direct appeal raising properly reserved contentions of error), the defendant is entitled to a review of the merits of the bills of exceptions properly reserved and perfected, after denial of his motion to suppress certain statements as unconstitutionally taken.
The plea of guilty is an appealable final judgment resulting in the imposition of sentence. La.C.Cr.P. Art. 912, subd. C(1). Under La.C.Cr.P. Art. 920, the formal bills of exceptions submitted in accordance with the Code "shall be considered on appeal". La.C.Cr.P. Art. 920(1).
Bills of Exceptions No. 1 was taken to the denial of a motion to suppress a written confession and other inculpatory statements as not freely and voluntarily made. As to the confession itself, the evidence supports it was made freely and voluntarily after informed waiver of Miranda rights.
Despite the defendant's contentions that he returned to his home and talked to the police officers with the understanding he would be given mental treatment instead of imprisonment, I find no error in the trial court's accepting the testimony of the police officers. They positively testified that no such inducements were offered or relied upon and that, instead, the subject of mental treatment was brought up by the defendant's parents. Although the police officers admitted discussing the subject, they testified they had specifically informed the parents that the disposition of the charges would have to be handled within the discretion of the District Attorney's office and was up to the trial judge's decision.
Likewise, the spontaneous inculpatory statement made by the defendant when the police officers arrived (on the day following the officers' conversation with his parents) is not shown to have been induced by any assurances of leniency. The trial court accepted the officers' testimony that, following this inculpatory exclamation, they did not question him until he was advised of his Miranda rights, and I likewise find no error in this ruling.
With due respect for prior judicial interpretations that justify the majority's refusal to consider the merits of the bills of exception perfected prior to and in connection *455 with the plea of guilty, I do not think they considered the unqualified right given by our Code of Criminal Procedure of 1966 to obtain mandatory review, on direct appeal, of adverse rulings duly perfected.
Here, a principal proof of the defendant's guilt was his confession. If the confession was validly taken, the defendant properly pleaded guilty. However, to review the validity of the confession under the majority's holding, it is necessary either to stand trial so as to preserve the ground of error on direct appeal, or else plead guilty and attack the sentence by post-conviction proceedings.
I think our Code of Criminal Procedure is open to the interpretation affording a procedure, similar to that in some states, permitting a plea of guilty (saving the cost and delay of a trial, if the motion to suppress is well-founded), yet permitting an accused standing on the direct appeal to have his appellate day in court on questions of illegality or unconstitutionality of a confession or a search and seizure. Many unnecessary trials on the merits and post-conviction proceedings might be avoided by such a procedure, at the same time assuring adequate appellate hearing of an accused's claim of illegality in his conviction or denial of constitutional right leading thereto.
For these reasons, I respectfully concur.
BARHAM, Justice (dissenting).
I dissent rather than concur since the principal holding in the majority opinion is that we are precluded from review of the defendant's bills of exceptions taken prior to his plea of guilty. Because a plea of guilty is appealable as a final judgment of conviction and sentence (C.Cr.P. Art. 912C(1)), I am of the opinion that formal bills of exceptions reserved and submitted on appeal must be considered (C.Cr.P. Art. 920).
Since the majority has refused to consider the bills, it is of little avail for me to review them on the merits. I am in accord with Mr. Justice Tate's concurring opinion, wherein he states that a procedure should be provided for reviewing bills of exceptions taken to preliminary rulings when an appeal is taken from a plea of guilty. Such a practice would encourage pleas of guilty when the principal evidentiary issue is disposed of by a ruling on a preliminary motion and hearing.

ON REHEARING
MARCUS, Justice.
Defendant was charged by bill of information with violation of R.S. 14:89.1 (aggravated crime against nature). He entered a plea of guilty and was sentenced to seven years at hard labor. He was committed to the custody of the Louisiana Department of Corrections in accordance with R.S. 15:824. Defendant has appealed.
Prior to his plea of guilty, defendant reserved two bills of exceptions on which he relies for a reversal of the conviction and sentence.
Bill of Exceptions No. 1 was reserved to the ruling of the trial judge's denying defendant's motion to suppress a written confession and other inculpatory statements made by defendant to police officers investigating the case. The court concluded, after the hearing, that the statements given by the defendant were free and voluntary, and his constitutional rights had not been violated. Thereafter, defendant applied to this Court for remedial writs, complaining of the denial of the motion to suppress. The application was denied on grounds that defendant had an adequate remedy by appeal in the event of conviction.[1]
Bill of Exceptions No. 2 was reserved to the denial by the trial judge of defendant's motion for a continuance. Defendant sought a continuance on the ground *456 that, while the transcript of the hearing on the motion to suppress had been transcribed, it had not been proofread and certified by the official court reporter since her employment had been terminated and her whereabouts were presently unknown. It was contended by the defendant that this lack of a certified transcript would be prejudicial in the event the case was tried and appealed.
After the aforesaid bills were reserved, defendant withdrew his former plea of not guilty and not guilty by reason of insanity and entered a plea of guilty. Prior to the entry of the guilty plea defense counsel and the district attorney stipulated that, if the case were tried, the State would have introduced into evidence a confession made by the defendant, which confession was an important part of the State's case.
On this appeal, defendant seeks review of the two bills of exceptions reserved prior to his guilty plea.
It is well settled that a plea of guilty voluntarily and knowingly entered by an accused waives all non-jurisdictional defects. State v. Valentine, 259 La. 1019, 254 So.2d 450 (1971); Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).
It is contended by defendant that his guilty plea was not entered freely and voluntarily. This contention is based on the allegations that there was a stipulation entered into between the accused and the State to the effect that the confession was an important part of the State's case; and that counsel for the accused stated to the court and the State his intention to appeal the bills of exceptions previously reserved. Based upon the record presently before us, we do not agree with the position of defendant on this point and find that the plea of guilty was not conditioned on any understanding that his bills of exceptions would be reviewed by this Court on appeal.
We have re-examined the record and conclude that defendant's plea of guilty was knowingly and voluntarily made by him after full compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
Therefore, we are limited in our review of these bills of exceptions on this appeal to only jurisdictional defects made prior to that plea. State v. Foster, 263 La. 956, 269 So.2d 827 (1973). We find no jurisdictional error prior to the guilty plea in this case.
In State v. Foster, we declined to review on appeal, after a plea of guilty, the ruling presented in a bill of exceptions on a motion to suppress certain inculpatory statements. We there concluded that this was a non-jurisdictional defect waived by the guilty plea under State v. Valentine. The same obtains in the present matter in regard to Bill of Exceptions No. 1.
For the same reason, the issue presented in Bill of Exceptions No. 2, complaining of the denial of the motion for a continuance, cannot be considered as it, too, is a non-jurisdictional defect waived under the holdings of the cases heretofore cited.
Our findings in connection with this appeal do not preclude defendant from seeking further relief, upon proper showing, by way of habeas corpus.
For the reasons assigned, our judgment on original hearing is reinstated, and the conviction and sentence are affirmed.
TATE, J., dissents in part and concurs in part for reasons assigned on original hearing.
BARHAM and DIXON, JJ., dissent.
NOTES
[1] He was made aware of the nature and extent of the constitutional rights which he is deemed to have waived by pleading guilty. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] His attorney may have mistakenly advised him that this court could review the bill of exceptions in spite of his plea of guilty.
[1] State v. Torres, 261 La. 770, 260 So.2d 699 (1972).