310 So.2d 110 (1975)
STATE of Louisiana
v.
Rodney FRANK.
No. 55634.
Supreme Court of Louisiana.
March 31, 1975.
Murphy W. Bell, Director, Vincent Wilkins, Jr., Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Lennie F. Perez, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Rodney Frank by bill of information with simple burglary. LSA-R.S. 14:62. The defendant pleaded guilty, and after a presentence investigation was sentenced to imprisonment for nine years.
On appeal, defendant presents two issues for this Court's consideration.
First, defendant objects to the nine-year sentence on the grounds that it was excessive in light of his age, eighteen at sentencing, and his guilty plea. Concededly, *111 the plea was based on a plea bargain.[1] He asserts that the trial judge abused his discretion.
LSA-R.S. 14:62 prescribes:
"Whoever commits the crime of simple burglary shall be imprisoned at hard labor for not more than nine years."
The sentence imposed is within the statutory limits. The trial judge is vested with the responsibility of fixing the sentence in criminal cases in which no mandatory sentence has been provided by the Legislature. LSA-C.Cr.P. Art. 871. Once he has fixed the sentence within the statutory limits, this Court cannot review the length or severity of the sentence on appeal. LSA-C.Cr.P. Art. 878; State v. Scott, La., 278 So.2d 121 (1973).
We conclude that defendant's first argument is without merit.
Secondly, defendant contends that for purposes of this appeal he could have been better represented by an attorney who had not been involved in the plea bargaining and one who had not agreed, in court, with the results of that bargain. Defendant has been represented throughout this matter by the Public Defender. The Public Defender filed a motion to be relieved as counsel when defendant made known his desire to appeal. In the motion, the Public Defender alleged:
"This office feels that the sentence imposed was in accordance with the law and jurisprudence of this State and further feels that defendant's intention to pursue this matter will bring about a conflict of interest growing out of the representation of him by this office."
The trial judge denied the motion, and the defendant asserts that the ruling was erroneous. As presented, the motion does not contain adequate grounds for the removal of counsel. The candid disclosure by defense counsel of his opinion as to the merit of defendant's appeal is insufficient. If counsel's disagreement with the merit of a defendant's cause were a ground for removal, many defendants would be unrepresented.
The appeal taken after a conviction based on a guilty plea is one of limited scope. The review is restricted to jurisdictional defects occurring prior to the plea and to the legality of the sentence, a determination as to whether it falls within the statutory limits. State v. Torres, La., 281 So.2d 451 (1973); State v. Foster, 263 La. 956, 269 So.2d 827 (1972); State v. Valentine, 259 La. 1019, 254 So.2d 450 (1971). Defense counsel has urged all issues available to defendant on appeal.
The trial court, in our opinion, correctly denied the motion to relieve trial counsel from representing defendant on appeal.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] The defendant was booked for attempted armed robbery, attempted murder, and burglary.