CIACCIO, Judge.
A jury found defendant guilty as charged of committing simple burglary. La.R.S. 14:62. After a hearing the court found defendant to be a second felony offender, and under the provisions of La.R.S. 15:529.1, sentenced defendant to serve ten years at hard labor in the custody of the Department of Corrections. Defendant appeals on the basis of two assignments of error. We affirm.
Defendant first complains that his sentence is excessive. The court sentenced defendant under the provisions of La.R.S. 15:529.1 as a second felony offender convicted of simple burglary. The statutory range of sentence under those circumstances was from a minimum of four years imprisonment to a maximum of twenty-four years imprisonment.
La. Const, of 1974, Art. 1, Sec. 20 provides that, “No law shall subject any person ... to cruel, excessive or unusual punishment.” La.C.Cr.P. Art. 878 provides that, “A sentence shall not be set aside on the ground that it inflicts cruel or unusual punishment unless the statute under which it is imposed is found unconstitutional.” The supreme court has held that, “Once [the trial judge] has fixed the sentence within statutory limits, this court cannot review the length or severity of the sentence on appeal.” State v. Frank, 310 So.2d 110 (La.1975). More recently however, the supreme court has held that, “the excessiveness of a sentence [is] a question of law reviewable under the appellate jurisdiction of this court.” State v. Sepulvado, 367 So.2d 762, 764 (La.1979). But consider the special concurring opinion in State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir. 1983), writ denied, 435 So.2d 433 (La.1983).
In Sepulvado the court found that “the imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment.” 367 So.2d at 767 “A constitutionally excessive sentence is one that is grossly out of proportion to the severity of the crime, or makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
Our supreme court has indicated that the threshold question when reviewing an allegedly excessive sentence is whether the sentence is apparently severe. See State v. Russell, 397 So.2d 1319 (La.1981); State v. Jones, 381 So.2d 416 (La.1980); and State v. Cox, 369 So.2d 118 (La.1979). A sentence not apparently severe “should not be set aside as excessive in the absence of a clear abuse of the wide discretion accorded a trial judge in the imposition of sentences within statutory limits.” State v. Jones, supra, 381 So.2d at 418-419. Because defendant’s sentence is not apparently severe, we cannot find that the trial judge abused his wide discretion. Defendant’s sentence is in the lower end of the statutory range, it is not grossly out of proportion to the severity of the crime, nor is it a purposeless and needless imposition of pain and suffering. Defendant’s sentence is not excessive.
By his second assignment of error defendant contends that the trial court erred “by failing to allow [defendant] to testify as to motives the arresting officers had in lying.”
The defendant testified at trial. His testimony contradicted or denied all of the testimony concerning his arrest which had been given previously by the arresting officers. As the final question on direct examination defense counsel asked defendant, “Why do you think the police would lie about this? Why are they doing this?” The prosecutor objected on the ground that *1282 the question called for an opinion which defendant was not qualified to give. The court sustained the objection. Defense counsel noted his objection to the ruling without stating any grounds, and informed the court that he had no further questions to ask the defendant.
On appeal defendant argues that the court’s ruling violated his rights to due process and to confront the witnesses against him. Defendant argues that if the police officers had a motive to lie, evidence of that motive should have been presented to the jury. And, defendant should have been afforded the opportunity to testify as to why the officers lied.
Both the United States and the Louisiana Constitutions guarantee a criminal defendant the right to due process of law and the right to confront the witnesses against him. In this trial defendant was not deprived of either right. Counsel’s question, asked without any foundation that the answer would be based on defendant’s knowledge of facts, impermissibly called for defendant’s opinion, and was properly disallowed. When a defendant testifies at trial he is subject to all the rules that apply to other witnesses. La.R.S. 15:462. As a general rule, a witness may testify only as to facts within his knowledge, and may not testify as to any recital of facts heard by him or as to any impression or opinion that he may have. La.R.S. 15:463. Defendant presented no reason why his testimony would fall within an exception to this general rule. Neither the right to due process nor the right to confront the witness against him permits a defendant, solely by reason of his status as a defendant, to give impermissible testimony.
For the reasons stated we find no merit in either of defendant’s assignments of error. We have also reviewed the record for any errors discoverable by inspection of the pleadings and proceedings and without inspection of the evidence, La.C.Cr.P. Art. 920, and have found no errors which warrant action beneficial to defendant. Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.