LABORDE, Judge.
On October 9, 1987, defendant, Anthony Trichel, was charged by Bill of Information with three counts of illegal possession of stolen things, a violation of La.R.S. 14:69, and one count of simple burglary, a violation of La.R.S. 14:62. On November 5, 1987, defendant waived arraignment and entered a plea of not guilty to all charges. Defendant subsequently pleaded guilty on January 27, 1988, to three counts of illegal possession of stolen things pursuant to a plea bargain agreement which provided for dismissal of the simple burglary charge, and a sentence of three years with the recommendation that defendant attend the Intensive Incarceration Program.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant asserts that the trial court erred in imposing an excessive sentence and that the Bill of Information filed against the defendant was defective. The transcript of the plea colloquy clearly shows that an agreement as to the plea and sentence was reached among the district attorney’s office, defendant, his counsel, and the court. Ordinarily, when a defendant enters into a plea bargain agreement, he is precluded from challenging the exces-siveness of his sentence. State v. Bell, 412 So.2d 1335, 1336 (La.1982); State v. Gray, 404 So.2d 1215, 1216 (La.1981); State v. Champagne, 461 So.2d 1059, 1062 (La.App. *530 3d Cir.1984), after remand, 506 So.2d 1377 (La.App. 3d Cir.1987). In the instant case, however, defendant argues that the sentence imposed is excessive based upon a defective Bill of Information. The Bill of Information sets forth the three counts of illegal possession of stolen things as follows:
“Count 1:
commit the crime of illegal possession of stolen things by intentionally possessing one Elgin Portable Sewing Machine that were [sic] the subject of a burglary, a felony in violation of R.S. 14:69.
Count 2:
commit the crime of illegal possession of stolen things by intentionally possessing one Smith Corona Typewriter in case that were [sic] the subject of a burglary, a felony in violation of R.S. 14:69. Count 3:
commit the crime of illegal possession of stolen things by intentionally possessing various items of brass that were the subject of a burglary, a felony in violation of R.S. 14:69.”
Defendant contends that the Bill of Information is fatally defective since it failed to specify the value of the articles defendant allegedly possessed and the value is necessary to determine the sentence to be imposed under La.R.S. 14:69. That statute provides:
“A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
B. (1) Whoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
(2)When the value of the stolen things is one hundred dollars or more, but less than five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
(3) When the value of the stolen things is less than one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of receiving stolen things or illegal possession of stolen things two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
(4) When the offender has committed the crime of illegal possession of stolen things by a number of distinct acts, the aggregate of the amount of the things so received shall determine the grade of the offense.
C. It shall be an affirmative defense to a violation of this Section committed by means of possessing, that the accused, within seventy-two hours of his acquiring knowledge or good reason to believe that a thing was the subject of robbery. or theft, reports that fact or belief in writing to the district attorney in the parish of his domicile.”
La.C.Cr.P. art. 470 provides that “value, price, or amount of damage need not be alleged in the indictment, unless such allegation is essential to charge or determine the grade of the offense.” However, it is well settled that a plea of guilty, if knowingly and voluntarily made by an accused represented by counsel, works as a forfeiture of a wide range of both substantive and procedural rights. State v. Valentine, 259 La. 1019, 254 So.2d 450, 451 (1971), cert. den., 406 U.S. 963, 92 S.Ct. 2066, 32 L.Ed.2d 351 (1972). Any defects in the Bill of Information were waived by the entry of a valid guilty plea. State v. Hathaway, 411 So.2d 1074, 1077 (La.1982).
However, there does appear to be some confusion regarding the sentence imposed by the trial court. When defendant pleaded guilty, the district attorney informed the *531 court that defendant was charged with “three charges of illegal possession of stolen things over $100.00 and a Simple Burglary charge.” Furthermore, during the Boykin colloquy with the defendant, the trial court asked the following:
“The Court: Do you understand the maximum penalty for the three counts of Illegal Possession of Stolen Things would be a sentence of not more than two years on each count or a $2,000.00 fine or both? [1]
Defendant: Yes sir.”
Nevertheless, the trial court sentenced defendant to three years on each count to be served concurrently. This sentence is clearly in excess of the maximum sentence for the stated charge if defendant was charged with illegal possession of stolen things valued at less than five hundred dollars. The sentence was agreed to by all parties concerned prior to the entry of defendant’s guilty plea, but there is no evidence in the record establishing the value of the stolen articles.
Accordingly, this case is remanded in order to clarify under which section of La. R.S. 14:69 defendant pleaded and for resen-tencing in accordance with the requirements of the appropriate section.
REMANDED FOR RESENTENCING.

. By contrast, the pre-sentence investigation report reflects that one of the criteria considered was that defendant had committed “the offense of Illegal Possession of Stolen Things when the value is $500 or more [which] carries a maximum sentence of ten years_"