NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

08-1084

STATE OF LOUISIANA

VERSUS

ROBERT C. MCMAHON

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 73885
HONORABLE VERNON B. CLARK, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

MOTION GRANTED; SENTENCE AMENDED.

William E. Tilley
District Attorney
Thirtieth Judicial District Court
P.O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
Counsel for Appellee:
    State of Louisiana

**G. Paul Marx**
**Louisiana Appellate Project**
**P.O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
**Robert C. McMahon**

**DECUIR, Judge.**

Defendant, Robert C. McMahon, was charged with two counts of simple burglary, violations of La.R.S. 14:62; two counts of theft over five hundred dollars, violations of La.R.S. 14:67, and one count of theft of a firearm valued over five hundred dollars, a violation of La.R.S. 14:67.[1] Defendant entered pleas of guilty to two counts of theft over five hundred dollars and to attempted theft of a firearm. Defendant admitted to theft of items at a camp and two mobile homes in Vernon Parish, and attempted theft of firearms from one of these locations. The remaining charges were dismissed.

The court sentenced Defendant to concurrent terms of eight years at hard labor on the theft charges and five years on the attempted theft charge. The court imposed fines of $1,200.00, $1,000.00, and $500.00 on the three counts and ordered restitution. Defendant's motion to reconsider sentence alleging excessiveness was denied without reasons. This appeal followed.

Defense counsel has filed a motion to withdraw and a supporting brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). Counsel alleges that he has found no non-frivolous issues that would merit relief on appeal. On September 17, 2008, this court sent Defendant a letter informing him of his right to file a pro se brief, a right which Defendant has not exercised.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the court set forth the appropriate framework for an *Anders* appeal:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this

---

[1] "Theft of a firearm" is specifically proscribed by La.R.S. 14:67.15, but the State billed the offense pursuant to La.R.S. 14:67. On this count, Defendant pled guilty pursuant to La.R.S. 14:27 and La.R.S. 14:67.15.

court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, this court has performed a thorough review of the record, including minute entries, the charging instrument, motions, and the transcripts. We note that since Defendant entered a guilty plea, he has waived all pre-plea non-jurisdictional defects. *State v. Valentine*, 259 La. 1019, 254 So.2d 450, *cert. denied*, 406 U.S. 963, 92 S.Ct. 2066 (1972); *State v. Torres*, 281 So.2d 451 (La.1973); *State v. Crosby*, 338 So.2d 584 (La.1976). The plea itself is valid, as the court advised him of his constitutional rights, and he voluntarily entered a knowing and intelligent guilty plea. La.Code Crim.P. art. 556.1; *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969).

In brief to this court, defense counsel gives a detailed discussion of whether the sentences imposed on Defendant are excessive, but concludes they are not. Defendant is a multiple offender with an earlier burglary conviction in Texas. He received probation for that conviction but was subsequently revoked. Counsel reviews a number of cases which demonstrate the current sentences are not outside the norms of Louisiana jurisprudence. As counsel's brief observes, we find the sentences are not excessive.

2

This court has found no issue which would support an assignment of error on appeal. However, the record reveals an error patent which requires amendment of the sentence. The trial court erred in ordering Defendant to pay restitution in the amount of $781.56 to the victim's insurance company. *See State v. Perez*, 07-229 (La.App. 3 Cir. 10/3/07), 966 So.2d 813. Consequently, the order requiring the payment of restitution directly to the insurance company is hereby amended to reflect that the amount of $781.56 is to be paid directly to the victim; the trial court is instructed to note the amendment in the court minutes. La.Code Crim.P. art. 895.1.

**MOTION GRANTED; SENTENCE AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

KA08-1084

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


STATE OF LOUISIANA
     Plaintiff-Appellee

VERSUS

ROBERT C. MCMAHON
     Defendant-Appellant

On Appeal from the Thirtieth Judicial District Court, Docket Number 73,885, Parish of Vernon, State of Louisiana, Honorable Vernon B. Clark, Judge.

**O R D E R**

     After consideration of appellate counsel's request to withdraw as counsel and the appeal pending in the above-captioned matter;

     IT IS HEREBY ORDERED that appellate counsel's request to withdraw is granted.

     The order requiring the restitution payment directly to the insurance company is deleted. The restitution in the amount of $781.56 is to be paid directly to the victim, and the trial court is instructed to note the amendment in the court minutes.

     THUS DONE AND SIGNED this _____ day of _____, 2009.


          COURT OF APPEAL, THIRD CIRCUIT


          _____
          Judge Oswald A. Decuir


          _____
          Judge Jimmie C. Peters


          _____
          Judge Marc T. Amy