BROWN, Chief Judge,
concurring.
| iQn the eve of trial, retained defense attorney filed a Motion to Suppress. The trial court stated:
It’s denied. Number one. It’s not timely filed. You don’t file a Motion to Suppress on the eve of trial, and so I’m denying it. But I’m saying for the record, you’re going to get exactly the same thing in the Free and Voluntary Hearing. (Emphasis added).
Next, defense counsel complained about the 911 tape. He had a subpoena issued to the City Attorney for it. The court said, “Okay, then we will deal with getting the material for you. And I’ll give you a chance. If anything pops up on that (911 tape) when you look at it, (that) you need to address, then we’ll give you a chance to do that.” (Emphasis added). Defense counsel retired to listen to the 911 tape, which was produced by the City Attorney.
*144 That afternoon they returned to court and announced that a deal had been struck. Defendant would enter a no eon-test/best interestJAlford plea with an agreed-to sentence — the minimum allowed under the statute. A nolo contendere plea waives the right to a trial, and the court is authorized to proceed as if the accused were guilty. While a nolo contendere plea is indisputably tantamount to a conviction, it is not necessarily tantamount to an admission of factual guilt.
The general rule is that a plea of guilty or nolo contendere, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea. A defendant normally waives any nonjurisdictional error by his plea of guilty or nolo contendere. “Under |2both state and federal jurisprudence, an unqualified plea of guilty waives all nonjurisdictional defects occurring prior thereto, and precludes review thereof either by appeal or by post-conviction remedy.” State v. Crosby, 338 So.2d 584, 588 (La.1976).
In State v. Mendenhall, 40,986 (La.App.2d Cir.02/07/07), 948 So.2d 1255, 1257, this court found that:
A guilty plea relieves the state of the burden of proving guilt and waives the defendant’s right to question the state’s case as well as appellate review of the case against the defendant. State v. Hardy, 39,233 (La.App.2d Cir.01/26/05), 892 So.2d 710. Specifically, a plea of guilty waives all nonjurisdictional defects in the proceedings prior to the plea. State v. Crosby, 338 So.2d 584 (La.1976); State v. Torres, 281 So.2d 451 (La.1973); State v. Taylor, 30,531 (La.App.2d Cir.05/13/98), 714 So.2d 143. Here, defendant failed to inquire as to the identity of the confidential informant before entering a guilty plea and failed to reserve his right to raise this issue on appeal under Crosby, supra. Accordingly, we conclude that Defendant waived any claim to this information ...
This is exactly what happened in the case sub judice. There was an unqualified plea and no reservation of rights.
APPLICATION FOR REHEARING
Before BROWN, CARAWAY, DREW, MOORE and HARRISON, JJ.
Rehearing denied.
MOORE, J., would not consider rehearing.