MOORE, J.
hThe defendant, Kendrick Warren, pled guilty to attempted second degree murder of his eight-year-old daughter’s maternal grandmother pursuant to a plea bargain that included a 30-year sentencing cap. After a presentence investigation, the defendant was sentenced to 30 years’ impris *168 onment at hard labor without benefits. This appeal followed.
Appellate counsel filed a motion to withdraw, together with an Anders[1] brief in support of the motion. This court held the motion in abeyance and allowed the defendant 30 days within which to file a pro se brief on appeal. The defendant filed a pro se brief alleging eight errors.
For the following reasons, we grant appellate counsel’s motion to withdraw and affirm the defendant’s conviction and sentence.
FACTS
On March 12, 2013, Warren was charged by bill of information, with the attempted second degree murder of Alice Gillens, his eight-year-old daughter’s maternal-grandmother. The matter was set for trial on September 15, 2014. On -that date, Warren -entered a plea of guilty to the charge of attempted second degree murder in exchange for an agreed-upon sentencing cap of 30 years[2] and no multiple offender bill. On November 24, 2014, he was sentenced to 30 years’ imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. A motion to reconsider sentence was denied by the trial court on December 15, 2014, and this Igtimely appeal was filed.
A review of the record disclosed no nonfrivolous issues and no rulings which arguably support an appeal. The record reflects that a sentencing cap of 30 years’ imprisonment was presented by the state and that Warren accepted those terms, making the sentence an agreed-upon sentence. Warren was sentenced in accordance with that agreement after a presen-tence investigation and hearing. Because the sentence was imposed in accordance with an agreement as part of his guilty pléa, Warren does not have the right to appeal the sentence as excessive. La. C. Cr. P. art. 881.2. The record further reflects that, although Warren attempted to withdraw his guilty plea at the time of sentencing, Warren was informed of his Boykin rights at the time of his guilty plea.[3] The trial court explained the potential penalties and rights that were waived by pleading guilty.
The defendant’s appellate counsel filed an Anders brief seeking to withdraw and alleging that he could find no nonfrivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). The brief outlines the procedural history, and the Boy-kin-compliant plea colloquy leading to the defendant’s conviction. The extremely thorough brief also contains “a detailed and reviewable assessment for both the defendant and the appellate |acourt of whether the appeal is worth pursuing in *169 the first place.” Jyles, supra. Appellate defense counsel, further has verified that she has mailed copies of the motion to withdraw and her feripf to.the defendant, in accordance with Anders, Jyles, Mouton, and Benjamin, supra.
This court issued an order holding the motion to withdraw in abeyance and rescinding the previous deadline for filing a pro se brief. The defendant filed a pro se brief listing eight alleged issues; Although these are -not formal assignments of error, defendant makes two general complaints: (1) that the detectives investigating the offense failed to follow standard procedures during their investigation and failed to properly analyze gunshot residue evidence; and, (2) that his counsel was- ineffective because he failed to file a motion for change of venue, failed to adequately conduct discovery to ascertain the evidence against him, and failed to prepare for trial which led him to plead guilty rather than go to trial. .
A guilty plea relieves the state of the burden of proving guilt and waives the defendant’s right to question the state’s case as well as appellate review of the case against the defendant. State v. Mendenhall, 40,986 (La.App. 2 Cir. 2/7/07), 948 So.2d 1255; State v. Hardy, 39,233 (La.App. 2 Cir. 1/26/05), 892 So.2d 710. Specifically, a plea of guilty waives all nonjuris-dictional defects in the proceedings prior to the plea. State v. Crosby, 338 So.2d 584 (La.1976); State v. Torres, 281 So.2d 451 (La.1973); State v. Taylor, 30,531 (La.App. 2 Cir. 5/13/98), 714 So.2d 143. Here, a review of the record reveals a valid guilty plea, which waives the defendant’s right to question the evidence, or lack thereof, which may have Rexisted to support the state’s case against him.
The remaining claims all concern the ineffective assistance of counsel claim, which are more -appropriately raised in post-conviction relief proceedings. Generally, a claim of ineffective assistance of counsel is properly raised in an application for post-conviction relief in the trial court because PCR creates the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. State v. Reese, 49,849 (La.App. 2 Cir. 5/20/15), 166 So.3d 1175. When the record is sufficient, the claim may be resolved, on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Willars, 27,394 (La.App. 2 Cir. 9/27/95), 661 So.2d 673.
In this instance, this court does not' have a complete record on which to review any of the defendant’s brief statements and unsupported allegations of ineffective counsel. Thus,’ the defendant’s claims should be relegated to post-conviction relief.
An error patent review of the appellate record has been conducted and no errors patent were found. No errors patent were found in the guilty plea or sentencing proceedings. '
CONCLUSION
For the foregoing reasons, the motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTIONS AND SENTENCES AFFIRMED.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. La. R.S. 14:30.1 provides for a sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. La. R.S. 14:27 provides that, if the offense attempted is punishable by life imprisonment, the sentence shall be 10 to 50 years’ imprisonment at hard labor, without the benefit.of parole, probation or suspension of sentence. .

.Prior to imposition of sentence, Warren told the court that he entered the guilty plea only because he was not prepared for trial, claiming that he had no time to go over trial matters with his attorney. Warren's counsel, Mr. Berg, stated that, in fact, he met with Warren twice the week before trial, including a lengthy meeting in which he went over the discovery evidence against him. Warren denied this.