EDWARDS, Judge.
Defendant, Calvin Wilson, was charged by bill of information with distribution of cocaine, in violation of La.R.S. 40:967 A. Defendant pled not guilty and, after a jury trial, was found guilty as charged. Subsequently, he was charged, adjudged and sentenced as a Third Felony Habitual Offender. Defendant was sentenced to serve twenty years at hard labor. Defendant appeals, urging two assignments of error. Because we find merit to defendant’s first assignment of error, we pretermit discussion of the second assignment of error.
FACTS
The jury found that on February 5, 1991, defendant sold cocaine to a confidential informant. The following facts were revealed at trial. Mark Hebert, a detective with the St. Tammany Parish Sheriffs Office Narcotics Division, testified that, based on information obtained from a confidential informant (Cl), he “set up a buy” from defendant. On February 5, 1991, Detective Hebert drove the Cl to defendant’s address and dropped him off. It was about 4:20 in the afternoon, and Detective Hebert proceeded to a location nearby where he could observe defendant’s house. Before the Cl exited the car, Detective Hebert searched him and found ho contraband on him. Detective Hebert testified that he was about forty feet from defendant’s house and saw defendant and the Cl talking. Hebert said that, although he could hear the conversation, he could not understand what they were saying. Detective Hebert saw the Cl hand defendant money and defendant hand the Cl some small objects. Defendant left his house, and the Cl returned to Detective Hebert’s car. The Cl handed Detective Hebert three “rocks,” and Hebert searched him and found no other contraband. Later that night, defendant was arrested. The “rocks” subsequently tested positive for cocaine.
ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant contends that the trial court erred in failing to require the state to identify the confidential informant who was directly involved in the purchase of the cocaine, denying defendant his constitutional right to confrontation. We agree and reverse.
Defendant did not file a motion requesting the identity of the confidential informant. Based on a report by John Bonnecarrie, a probation and parole officer, defendant subpoenaed Ann Wilson for trial, thinking she was the confidential informant. Bonnecarrie testified that he took notes at a hearing conducted before trial in which he wrote, “Detective Hebert set up a buy with a Cl and Wilson [defendant] at 508 Dutch Alley.” The secretary who typed the notes made a typographical error so that the report read, “Detective Hebert set up a buy with a Cl Ann Wilson.” Defendant was misled by the error in the report and subpoenaed the person he thought was the confidential informant but who, in actuality, was not. During trial, on two separate instances, defense counsel asked Detective Hebert if Ann Wilson was the CL Each time Detective Hebert answered no, but did not reveal the identity of the CL Defense counsel asked Detective Hebert, “who was the confidential informant?” The prosecutor objected, saying that revealing the confidential informant’s identity was not necessary. The trial court sustained the objection.
In a case where the government informer is the sole participant, other than the accused, in the transaction charged, the informer is the only witness in a position to amplify or contradict the testimony of government witnesses. Under these circumstances, defendant suffered prejudicial error when the state was not forced to reveal the identity of the confidential informant so that defendant was afforded his constitutional right of confrontation. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); see State v. Davis, 411 So.2d 434, 436-37 (La.1982).
*358 In the instant case, the confidential informant was the only other participant in the criminal transaction besides defendant. The evidence against defendant presented at trial was based on the transaction between the confidential informant and defendant. This case is one in which we must reverse defendant’s conviction due to violation of his constitutional right to confront and cross-examine a witness against him. Therefore, for the reasons herein stated, we reverse defendant’s conviction and vacate his sentence. We remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.