STEWART, Judge.
Garrett Walker was convicted of four counts of distribution of cocaine and sentenced to four concurrent 20-year sentences and a $5,000 fine. Walker appeals his conviction arguing that he was not allowed to cross-examine a state’s witness about a confidential informant and that testimony about pending charges against Walker should not have been allowed into evidence. For the following reasons, we affirm.
FACTS
Walker was introduced to State Trooper Kendrick Van Burén by a confidential informant (Cl). On two different occasions thereafter, Trooper Van Burén made purchases of crack cocaine from Walker. Trooper Van Burén and the Cl identified Walker to State Trooper Andre Nelson who then made two additional purchases of crack cocaine from him. Walker was arrested and charged with four counts of distribution of cocaine. After a jury trial, he was found guilty as charged on all four counts and sentenced to four concurrent 20-year sentences and a $5,000 fine. Walker appeals his conviction making three assignments of error.
DISCUSSION

Assignment of Error No. 1

Walker lists pages 14, 25, 28, and 35 of the trial transcript as points where the trial court denied him the right to cross-examine the state’s witness, State Trooper Claude Mercer, about the character of the Cl. Evidence of a person’s character generally is not admissible for the purpose of proving that he acted in conformity therewith on a particular *787 occasion. LSA-C.E. art. 404(A). Evidence of the character of a witness is provided for in LSA-C.E. arts. 607, 608, and 609; however, Walker’s complaint pertains to the Cl who was not a trial witness.
In the case at bar, the Cl did not participate in any of the controlled cocaine buys. The Cl merely introduced the undercover officers to Walker prior to the series of buys. Thus, the trial court properly limited defense counsel’s probing into the character of the Cl.
On transcript page 14, there is no testimony whatsoever about the Cl. Most of the discussion on this page is about an objection the defendant raised about being brought into court in shackles. The rest of the page concerns questions about the polling of jurors. Therefore, this part of Walker’s argument is without merit.
On transcript page 25, Walker asked questions about the identity of the Cl. The state objected to this line of questioning and that objection was sustained. The identity of a Cl will be divulged only under exceptional circumstances. State v. Babbitt, 363 So.2d 690, 695 (La.1978) (holding that the identity of a Cl will not be disclosed absent exceptional circumstances); State v. Hall, 549 So.2d 373 (La.App. 2d Cir.1989), writ denied, 556 So.2d 1259 (La.1990) (holding that Louisiana has a strong public policy of protecting the identity of CIs). The general rule is that the burden is upon the defendant to demonstrate exceptional circumstances. State v. Hall, supra. In the instant case, Walker has not shown why the identity of the Cl was required. The identity of the Cl was not relevant to the case because the Cl merely introduced Walker to the state troopers and was not a prosecution witness to the cocaine buys. The trial court properly sustained the state’s objection to Walker’s question. Therefore, this part of Walker’s argument is without merit.
On page 28 of the transcript, Walker asked Trooper Mercer about the drug use of the Cl. The state objected, but the court allowed the question. Thus, Walker has no complaint.
On page 34 of the transcript, Walker asked Trooper Mercer if the Cl had a criminal record. The state objected on the grounds that the defendant was trying to identify the CL The trial court sustained the objection on the grounds that the question had already been answered. Indeed, the question had already been answered in the affirmative on page 27 as well as other questions about the Cl’s drug use on the night that Walker was identified. Due to the fact that the Cl was not a trial witness, the trial court gave Walker considerable latitude to question Trooper Mercer about the Cl’s background and reliability. His complaints that he was illegally barred from eliciting testimony about the Cl’s character is merit-less. See State v. Kenner, 384 So.2d 413, 417 (La.1980).

Assignment of Error No. 2

Walker contends that the trial court erred by allowing into evidence testimony about criminal charges pending in Texas and not about convictions. On direct examination, Walker testified that he was on parole in Texas and that he was in good standing in his parole. To impeach this statement, the state put on Walker’s parole officer, Eric Givens. Officer Givens testified that charges had been filed alleging that Walker had violated the terms of his parole. He testified that these charges included possessing a deadly weapon, being in drug areas, drinking alcoholic beverages, failing to make monthly reports, and moving without permission. Walker argues that this testimony was impermissible and thus entitles him to a new trial.
Our examination of the record reveals that no contemporaneous objection was made to this testimony. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. State v. Brown, 552 So.2d 612 (La.App. 2d Cir.1990), writ denied, 558 So.2d 581 (1990); LSA-C.Cr.P. Art. 841. A new basis for an objection cannot be raised for the first time on appeal. State v. Cressy, 440 So.2d 141 (La.1983); State v. O’Neal, 501 So.2d 920, 924 (La.App. 2d Cir.1987), writ denied, 505 So.2d 1139 (1987); LSA-C.Cr.P. Art. 841. *788 Thus, because Walker made no objections to the testimony, he has failed to preserve this assignment of error for review. This assignment of error is without merit.

Assignment of Error No. S

Walker assigned as error that the evidence was insufficient to support the conviction. This assignment of error was not briefed. Assignments of error which are not briefed are considered abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA Rule 2-12.4; State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La.1990).
Our review of the record reveals that the defendant was not informed about the prescription for post-conviction relief as required by LSA-C.Cr.P. Art. 930.8. The district court is directed to give the defendant written notice of the prescriptive period for applying for post-conviction relief within ten days of the rendition of this opinion and to file defendant’s receipt of such notice in the record of the proceedings.
Pursuant to LSA-C.Cr.P. Art. 920(2), we have examined the record for other errors patent and found none. The defendant’s conviction is affirmed.
AFFIRMED.