665 So.2d 686 (1995)
STATE of Louisiana, Appellee,
v.
Kenny THOMPSON, Appellant.
No. 27543-KA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1995.
*688 John William Focke, II, Monroe, for appellant.
Richard Ieyoub, Attorney General, Baton Rouge, William R. Coenen, Jr., District Attorney, Rayville, Johnny R. Boothe, Assistant District Attorney, Winnsboro, for appellee.
*689 Before SEXTON and WILLIAMS, JJ., and SAVOIE, J. Pro Tem.
SEXTON, Judge.
Defendant, Kenny Thompson, was convicted of one count of distribution of cocaine, a violation of LSA-R.S. 40:967(A), and was sentenced to six years imprisonment at hard labor. He now brings this appeal, urging two assignments of error. We affirm.

FACTS
On April 8, 1994, two Beauregard Parish undercover narcotics agents and a confidential informant ("CI") went to the "Water Hole" lounge in Franklin Parish to set up a drug purchase. When the three arrived at the lounge, the CI recognized one of the men standing in the parking lot and called out, "Hey, Mel!" Mel, a.k.a. Kenny Thompson, the defendant, approached the agents and asked them what they wanted. The agents told him they were looking for "sixty dollars worth," meaning an amount of crack cocaine worth $60. The defendant walked back into the crowd on the parking lot. He handed something to one of the other men. That man then brought three "rocks" of a substance, which later proved to be crack cocaine, to the agents' car. The delivery man then took $60 from the agents and gave it to the defendant.
The agents later transferred the drugs to local officers and told the officers they had purchased the drugs from someone named "Mel." The local officers knew Mel to be Kenny Thompson, and the undercover agents identified the defendant from a police photo of Thompson. Local officers subsequently arrested the defendant.

DISCUSSION

Assignment of Error 1:

The Evidence Does Not Sustain the Verdict
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App.2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
LSA-R.S. 40:967(A) provides in pertinent part:
Except as [otherwise] authorized ... it shall be unlawful for any person knowingly or intentionally:
(1) To ... distribute or dispense ... a controlled dangerous substance classified in Schedule II.
The lab report admitted into evidence shows that the substance the undercover agents received contained cocaine, a Schedule II CDS. The defendant's use of a "runner" to deliver the drugs does not reduce his culpability as a distributor.
Defendant makes two arguments in support of his assignment of error:
1. The undercover agents misidentified the defendant as the person who sold them crack cocaine;
2. The undercover agents fabricated their stories to "keep getting paid."
Regarding the first argument, each agent was able to positively identify the defendant as "Mel," the person who gave the crack to the runner who delivered it to the agents' car. One agent, Deputy Pichon, had seen the defendant prior to the night in question.
Although the defendant testified in his own behalf and denied any participation in this crime, the jury chose to believe the two undercover agents. It is well-settled that it is the function of the trier of fact to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App.2d Cir.1992), writ denied, 617 So.2d 905 (La.1993). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App.2d Cir.1986), writ denied, 499 So.2d 83 (La.1987). Clearly, the jury chose to credit the consistent testimony of the two undercover agents over that of the defendant; the record discloses no evidence which would warrant reversal of their decision.
*690 The testimony of a single undercover police officer is sufficient to convict one charged with distribution of drugs. State v. Daniels, 607 So.2d 620 (La.App.2d Cir.1992). In this case, the agents' testimony established that defendant's conduct satisfied every element of the crime charged and that defendant was, in fact, the perpetrator of the crime.
Regarding defendant's second argument, it was shown at trial that the undercover agents received payment for their work as undercover officers. Larry Crum, the officer who set up the undercover program, testified that the agents' pay was not linked to the number of cases they developed. However, he conceded that undercover operations would not continue if the agents were unable to make some cases. Defense counsel examined the agents about their compensation, and the agents confirmed the testimony of Officer Crum. The jury chose to accept the agents' testimony, and there is no showing that their choice was in error.
Because the evidence is sufficient to support the conviction, this assignment of error is without merit.

Assignment of Error No. 2:

Ineffective Assistance of Counsel
Defendant complains that his court-appointed trial counsel provided him with ineffective assistance of counsel during the trial. This issue is more properly raised by application for post-conviction relief in the trial court, however, where a full evidentiary hearing may be conducted if warranted. State v. Deloch, 380 So.2d 67 (La.1980); State v. Malveaux, 371 So.2d 820 (La.1979). However, an ineffective assistance of counsel claim may be addressed on direct review if the record discloses evidence needed to decide the issue. State v. Ratcliff, 416 So.2d 528 (La.1982) (record was sufficient since ineffective assistance claim was explored in detail during a hearing on a motion for new trial).
With respect to the ineffective assistance of counsel claim, defendant specifically complains that:
(1) His counsel failed to investigate the case;
(2) His counsel failed to make pre-trial motions;
(3) There is no acknowledgement in the record that counsel met with the defendant or reviewed the case before trial;
(4) His counsel failed to discover the identity of the confidential informant;
(5) His counsel failed to quash the "photo lineup" used to identify the defendant;
(6) His counsel failed to call Michael Rubin, Thompson's co-defendant, to testify; and,
(7) His counsel failed to make proper evidentiary objections.
From our review of the record, we determine that the record contains sufficient information to decide the photo line-up and evidentiary issues. The record is not sufficient, however, to fairly decide whether counsel's pre-trial advocacy was adequate, or why counsel did not attempt to discover the identity of the confidential informant, or call him or the co-defendant to testify. Because there has been no evidentiary hearing on these matters, there is simply nothing in the record for this court to review. See, e.g., State v. Lockhart, 629 So.2d 1195, 1208 (La. App. 1st Cir.1993), writ denied, 94-0050 (La. 4/7/94), 635 So.2d 1132. These matters are properly deferred to an application for postconviction relief. The remaining issues are discussed below.
The right of a defendant in criminal proceedings to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. State v. Wry, 591 So.2d 774 (La.App.2d Cir.1991). A claim of ineffectiveness of counsel is analyzed under the two prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); State v. Grissom, 624 So.2d 476 (La.App.2d Cir.1993).
To establish that his attorney was ineffective, the defendant must first show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, supra; Grissom, supra.
*691 The relevant inquiry is whether counsel's representation fell below the standard of reasonableness and competency as informed by prevailing professional standards demanded for attorneys in criminal cases. Strickland, supra; State v. Moore, 575 So.2d 928 (La.App.2d Cir.1991). The assessment of an attorney's performance requires his conduct to be evaluated from counsel's perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel's judgment, tactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment. Moore, supra.
Second, the defendant must show that this deficient performance prejudiced his defense. This element requires a showing the errors were so serious that the defendant was deprived of a fair trial. Strickland, supra; Grissom, supra. The defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Strickland, supra; Grissom, supra. State v. Pratt, 26,862 (La.App. 2 Cir. 4/5/95), 653 So.2d 174.

IDENTIFICATION PROCEDURES
Thompson complains that the procedures employed to identify him were unreliable and that his counsel should have objected to their use. We disagree.
At the time of the drug transaction, the deputies knew only the defendant's street name, "Mel." When the deputies gave local law enforcement officers the street name, the local officers knew Mel to be Kenny Thompson. Deputies Wilson and Pichon later identified a photo of Kenny Thompson as the person who sold them the drugs. Deputy Wilson, who saw the photo "a few days" after the crime, testified:
Q: How many photographs were you shown when you were shown the defendant's photograph? How many other photographs were you shown?
A (Deputy Wilson): I would say about ... maybe three or four more ... photographs.
Q: Were you given a choice of people to pick out from those three or four?
A: As in a photo line-up?
Q: Right.
A: No, I wasn't.
Q: So the deputy points [sic] the photograph of the defendant and says, "Is this him?"
A: Well, he just handed me a photograph and asked me do I recognize that photograph.
Q: Same difference. He pointed out the person?
A: Well, he handed me that photograph and asked me do I recognize the person in that photograph.
Deputy Pichon testified that she identified the defendant from the same photo a "week or two" after the transaction; the record suggests that she was shown only this photo.
Thompson complains that his attorney should have moved to suppress the identifications because the police failed to show the deputies a photo line-up and thereby rendered the identifications unduly suggestive.
In State v. Martin, 595 So.2d 592 (La. 1992), the court noted that an identification using a single photograph, absent exigent circumstances, can be impermissibly suggestive and unreliable. The court indicated that a photo line-up or a series of photos of persons who resembled the suspect would prove less suggestive.
In this case we conclude, as to Deputy Wilson, that the defendant has failed to show that the identification procedure was suggestive. Although the identification procedure did not include a photo line-up, the testimony indicates that defendant's photo was not presented singly but rather as part of a series of photos. Further, Deputy Wilson testified that the local officer did not suggest the identity of the person in the photo. Finally, the deputy also testified that he carefully observed the defendant during the transaction and knew "immediately" that *692 defendant was the person in the photo. Under these circumstances, the absence of a photo line-up is immaterial and counsel did not err in failing to object to the identification procedure.
Similarly, counsel's failure to object to Deputy Pichon's identification of the defendant did not prejudice the defense. Although the record suggests that Deputy Pichon was shown only the defendant's photo, we are convinced that her ability to accurately identify Thompson outweighs any "corrupting effect" present in the challenged identification procedure. Martin, supra at 595. Deputy Pichon testified that the area was well lit and that she could clearly see the defendant the night of the transaction. She said that she also saw the defendant the next week at his home. The deputy viewed his photo "a week or two" after the illegal transaction. Deputy Pichon was certain of her identification of the defendant, both before and during trial. The record discloses that Deputy Pichon is regularly employed purchasing narcotics from unknown persons. The totality of the circumstances indicates that Deputy Pichon's identification of the defendant as the perpetrator of this crime was reliable. See, e.g., State v. McCarter, 577 So.2d 816, 818 (La.App.2d Cir.1991). Hence, objection to this identification would have been futile.
Because the defendant suffered no prejudice from his counsel's handling of the identification issue, this ineffective assistance claim is without merit.

Hearsay
Thompson complains that his lawyer failed to make an objection to the state's use of hearsay evidence and that this failure constituted ineffective assistance of counsel. We find that the evidence complained of was not hearsay and that no objection was warranted.
Deputy Pichon testified that she saw the defendant hand the cocaine to Michael Rubin who then brought the drug to the deputies. The deputy testified that, when Rubin gave her the drugs, he said "Here, Mel sent this." Defendant argues that this statement was inadmissible hearsay.
Hearsay is defined as a statement, other than one made by the declarant at trial, offered in evidence to prove the truth of the matter asserted. LSA-C.E. Art. 801(C). However, LSA-C.E. Art. 801(D)(4) provides:
A statement is not hearsay if ... [t]he statements are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events, and which are necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.
We believe that Rubin's statement fits precisely within this definition. Rubin was a participant in the transaction. Deputy Pichon testified that she clearly saw the defendant give something (which later proved to be cocaine) to Rubin who immediately delivered it to the deputies and made the statement. The statement was an integral part of the continuous transaction, linking Rubin's action with the deputies' previous conversation with the defendant. As such, it forms part of the res gestae of the crime, and is admissible.
In light of Deputy Pichon's testimony about the transfer of drugs, the statement is also admissible under LSA-C.E. Art. 801(D)(3)(b) as the statement of a co-conspirator. Because the statement was admissible, defendant's attorney was not ineffective in failing to object to its introduction.

Other Crimes
Defendant complains that his counsel was ineffective because he failed to object to the state's reference to "other crimes" during its closing argument. Specifically, Thompson argues that the following statement (the sentence in bold type) made by the prosecutor during closing argument warranted a mistrial under LSA-C.Cr.P. Art. 770:
Lt. Pichon testified that it is common for drug dealers to use third parties such as Michael Rubin to make sales. Dealers have the mistaken impression that by using others that they're protecting themselves from being arrested. Their ideal [sic] is that if I don't deliver the dope, I can get free. I'm not actually selling the *693 dope. I can't be prosecuted. Well, obviously drug dealers aren't familiar with Article 24 of the Criminal Code.... [Reads LSA-R.S. 14:24.] All principals are equally guilty of the crime charged. The defendant is just as guilty as Michael Rubin, because he counseled and procured Michael Rubin to deliver the cocaine to the undercover agents. In fact, the delivery of the cocaine to Michael Rubin by this defendant is distribution of cocaine. It doesn't have to be a sale. Handing it to another is distribution of cocaine....
LSA-C.Cr.P. Art. 770, provides (in pertinent part):
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the ... district attorney ..., during the trial or in argument, refers directly or indirectly to:
. . . .
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.
This article requires a mistrial only when the district attorney refers to another crime "as to which evidence is not admissible." Assuming arguendo that the distribution to Rubin amounts to "another crime," Pichon's description of Thompson's act was clearly admissible under LSA-C.E. Art. 404(B)(1), which provides (in pertinent part):
[E]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as ... when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
As with Rubin's statement, the observation of the district attorney is within the ambit of the res gestae of this crime. Deputy Pichon testified that she observed the defendant give something to Rubin and that Rubin immediately delivered the item to the deputies. The substance proved to be crack cocaine. The only available inference is that Thompson distributed cocaine to Rubin, and this conduct was an integral part of the drug transaction. Hence, the state was free under LSA-C.E. Art. 404(B)(1) to refer to these actions of the defendant. Because the district attorney made no reference to inadmissible other crimes evidence, defense counsel was not ineffective by failing to object to the statement in question.

Confidential Informant
Defendant complains that his attorney failed to discover the identity of the confidential informant and that this failure prejudiced his defense. Specifically, he argues that the defense was entitled to discover the informant's identity because he participated in the crime and that the informant's testimony might have exonerated the defendant.
According to Deputy Wilson, the confidential informant's (CI) role in the transaction was limited to summoning the defendant by calling out "Hey, Mel" when the deputies' car pulled up to the lounge. Deputy Wilson said that the defendant then came over to the car and asked what they wanted, and that the deputies took over the conversation thereafter. Deputy Pichon also testified that the CI called out to the defendant. In addition, Deputy Pichon said that the CI asked Thompson if he was "holding anything," meaning narcotics. Thompson argues that, under Deputy Pichon's version of events, the CI participated in the transaction and should have been called as a witness.
Louisiana has a strong public policy in favor of protecting the identity of confidential informants. State v. Davis, 411 So.2d 434 (La.1982); State v. Hall, 549 So.2d 373 (La.App.2d Cir.1989), writ denied, 556 So.2d 1259 (La.1990). The defendant bears the burden of showing exceptional circumstances which would require divulging a confidential informant's identity, and the trial court has much discretion in deciding whether disclosure is warranted. State v. Oliver, 430 So.2d 650 (La.1983), cert. denied, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983); State v. Moore, 575 So.2d 928 (La. App. 2 Cir.1991); State v. Hall, supra; State v. Sanders, 539 So.2d 114 (La.App.2d Cir. 1989), writ denied, 546 So.2d 1212 (La.1989). A showing that the informant participated in the crime constitutes exceptional circumstances requiring disclosure. State v. James, 396 So.2d 1281 (La.1981); State v. Dukes, 609 So.2d 1144 (La.App. 2 Cir.1992), *694 writ denied sub nom., State v. Reed, 618 So.2d 402 (La.1993); State v. Humphries, 463 So.2d 804 (La.App.2d Cir.1985).
Whether a CI's actions amount to "participation" in a crime sufficient to merit disclosure of his identity depends on the particular facts of the transaction. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). In Louisiana, courts have consistently held that the state need not disclose the identity of a confidential informant who merely introduces law enforcement officers to the defendant and does not actually participate in the transaction. See, e.g., State v. Washington, 93-2221 (La.App. 1st Cir. 11/10/94), 646 So.2d 448; State v. Jones, 587 So.2d 787 (La.App. 3rd Cir.1991), writ denied, 590 So.2d 78 (La.1991) (collecting cases). However, when the CI plays a more substantial role, disclosure may be warranted. For example, in State v. Carey, 626 So.2d 905 (La.App. 3d Cir.1993), and State v. Fontenot, 524 So.2d 867 (La.App. 3d Cir. 1988), the Third Circuit reversed the convictions of defendants whose convictions depended upon evidence obtained by CI's acting outside the immediate presence of police investigators. In these cases, the court reasoned that the state could not have proven that the crimes were committed without the evidence gathered by the active role played by the CI's.
We are convinced that in this case, under either of the deputies' testimony, the role of the CI was de minimis and that disclosure of his identity would not have been warranted. Both deputies testified that Deputy Wilson told the defendant that he wanted cocaine. Deputy Wilson also told the defendant the quantity and price of the drugs sought. The CI did not participate in this negotiation. Both deputies were positive of the defendant's identity as the seller. Therefore, the state's case does not depend on evidence gathered by the CI outside the presence of the officers. Further, the CI handled neither the money nor the drugs and never left the vehicle. His part in the transaction was much less significant than that of the CI in Carey. Indeed, the CI's "participation" in this case is less than that of the CI in State v. Wolfe, 630 So.2d 872 (La.App. 4th Cir.1993), writ denied, 94-0448 (La. 10/28/94), 644 So.2d 648, where the court found proper the refusal to disclose the identity of an informant who, along with a DEA agent, told the defendant that he wanted to buy narcotics.
Moreover, the defendant has failed to show how he might have benefited from knowledge of the identity of the informant. The defendant's mere assertion that the informant would be a material witness is not sufficient to carry his burden of proving his need to know the informant's identity. State v. Davis, supra; State v. McGee, 478 So.2d 249 (La.App.2d Cir.1985).
For all of these reasons, defendant's counsel was not ineffective by failing to discover the identity of the confidential informant.

CONCLUSION
Because the evidence is sufficient to sustain the verdict and defense counsel was not ineffective in the ways reviewable from the record, we affirm the conviction of the defendant. The remaining allegations of ineffective assistance not discussed in this memo are reserved for the defendant on post-conviction relief.
AFFIRMED.