679 So.2d 512 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Arnold Bennett CURTIS, Defendant-Appellant.
No. 28309-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1996.
*513 W. Lee Perkins, Monroe, for Defendant-Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Marcus Clark, Assistant District Attorney, for Plaintiff-Appellee.
Before MARVIN, SEXTON and STEWART, JJ.
MARVIN, Chief Judge.
After pleading guilty to two counts of selling crack cocaine to an undercover officer and being given concurrent hard labor sentences of 240 months on each count, Arnold Bennett Curtis, who was on probation at the time, appeals his convictions and sentences, asserting three assignments.
In return for the State agreeing not to seek to adjudicate him as an habitual offender, Curtis entered a Crosby plea, reserving his right to appeal the trial court's denial of his motion to quash the indictment on the grounds of double jeopardy. He also asserts that he should have been allowed to withdraw his guilty plea and that his sentences are excessive.
We affirm.

DISCUSSION
We first address Curtis's request to withdraw his guilty plea. Curtis was represented by John Focke of the Indigent Defender Office. Before Curtis was sentenced, Attorney Focke resigned that position and was replaced by Attorney W. Lee Perkins. Curtis's family then apparently contacted a private attorney's office to inquire about legal representation. The family was told Curtis should attempt to withdraw his guilty plea before hiring private counsel. At the sentencing hearing, Curtis's request to withdraw his guilty plea was denied.
A trial court may allow a guilty plea to be withdrawn at any time prior to sentencing. La.C.Cr.P. art. 559(A). A trial court's ruling on the matter is subject to reversal only if the court abuses its discretion or is arbitrary. State v. Hall, 26,006 (La.App.2d Cir. 5/4/94), 637 So.2d 645, writ denied, 94-1373 *514 (La. 9/30/94), 642 So.2d 868. Curtis pleaded guilty after the court denied his motion to quash. When asked if he wished to plead guilty to the two counts of distribution of cocaine, Curtis responded, "I don't have any other choice." After further discussion, during which the trial court explained to Curtis his Boykin rights and the consequences of a guilty plea, Curtis again agreed to give up those rights and plead guilty. Curtis argues that under the circumstances where his initial attorney had withdrawn prior to sentencing, and where he felt he had no other choice than to plead guilty, the court abused its discretion in refusing Curtis's request to withdraw his plea. He does not contend, however, that his plea was involuntary.
We find Curtis's guilty plea was voluntarily entered. The trial court informed Curtis of his right against self-incrimination, his right to a trial by jury, and his right to confront his accusers and subpoena witnesses. The trial court explained the essential elements of the offenses charged and informed Curtis of the maximum and minimum penalty range. Curtis stated he understood his rights and the elements of the offenses charged and understood that by pleading guilty, the state agreed not to institute habitual offender proceedings and that he was reserving his right to appeal the trial court's denial of his motion to quash.
Noting that Curtis benefited from the plea bargain, we cannot find the trial court abused its discretion or acted arbitrarily in denying Curtis's request to withdraw his guilty plea.
Curtis's motion to quash was based on the contention that the facts supporting his conviction are the same facts used to revoke his probation, resulting in his being punished twice for the same activity.
A person cannot be placed twice in jeopardy for the same offense. U.S. Const. amend. V; La.Const. art. I, § 15; La.C.Cr.P. art. 591. Double jeopardy provisions protect an accused not only from a second prosecution for the same offense, but also from multiple punishments for the same criminal offense. State v. Johnson, 94-1077 (La. 1/16/96), 667 So.2d 510; and cases cited therein. Curtis asserts the multiple punishment aspect of double jeopardy.
United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), is factually distinguished: Dixon was arrested and indicted for possession of cocaine with intent to distribute while he was on bond for an unrelated offense. Based on this arrest, Dixon was convicted of criminal contempt of court for violating his bond conditions forbidding him to commit any criminal offense. The trial court granted his motion to dismiss the cocaine indictment on double jeopardy grounds. The Supreme Court agreed, finding that double jeopardy barred the prosecution of the cocaine offense because that offense did not include any element not contained in the contempt for which he was punished.
Although the elements of the violated probation condition must be proved, the revocation of probation is neither a criminal prosecution nor a punishment for conduct that violates a condition of probation, but the institution of the previously imposed punishment that had been suspended for the earlier crime. See State v. Edwards, 440 So.2d 845 (La.App.2d Cir.1983), citing Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Double jeopardy does not bar the prosecution of a crime even though the facts of that crime may have been used to revoke a probated, suspended sentence.
Finally, Curtis argues the concurrent sentences are constitutionally excessive.
Curtis, 25 years old, was sentenced to 240 months at hard labor for each count to be served concurrently. Each count of distribution of cocaine carries a minimum sentence of five years at hard labor and a maximum sentence of 30 years at hard labor. La.R.S. 40:967. The Louisiana Sentencing Guidelines report placed Curtis in grid cell 2A which recommended a sentence of 210 to 240 months.[1]
*515 When a trial court sentences a defendant within the designated sentence range on the sentencing grid, it need only put on the record the sentence, the proper grid cell for the sentence imposed, and the factors that determined that the cell used was the proper cell. La.S.G. § 201(B) & (C); State v. Barnes, 607 So.2d 872 (La.App.2d Cir.1992). A sentence imposed within the range of a designated grid cell is not excessive under the Louisiana Constitution. State v. Essex, 618 So.2d 574 (La.App.2d Cir.1993); La.S.G. § 201(C).
Here, the trial court stated for the record that it had reviewed the presentence and the sentencing guidelines reports. The trial court noted Curtis's extensive criminal history before sentencing him to the maximum grid cell sentence. While Curtis alleges that the trial court failed to consider mitigating circumstances, he does not factually assert what mitigating circumstance might have been considered.
Curtis has an extensive history of convictions for theft, possession of drug paraphernalia, and other drug-related crimes. Moreover, the present offenses were committed while he was on probation for a drug related offense. The sentence does not shock our sense of justice and is not purposeless or needless.

DECREE
The convictions and sentences are AFFIRMED.
NOTES
[1] The Louisiana Sentencing Guidelines, repealed on August 15, 1995, were in effect when the trial court imposed sentence.