713 So.2d 440 (1998)
STATE of Louisiana
v.
Frank H. COLEMAN, Jr.
No. 97-K-2802.
Supreme Court of Louisiana.
April 24, 1998.
Richard P. Ieyoub, Atty. Gen., Glenn W. Alexander, Dist. Atty., Cecil R. Sanner, Lake Charles, for Applicant.
Bryan F. Gill Jr., Lake Charles, for Respondent.
PER CURIAM:[*]
To overcome the state's privilege of protecting the identity of its confidential agents and informants, the defendant has the burden of showing exceptional circumstances demonstrating "that the informant may be able to give testimony which is necessary to a fair determination of the issue of guilt or innocence." State v. Davis, 411 So.2d 434, 436 (La.1982). We granted the state's application for review because the present record did not appear to support the court of appeal's reversal of the defendant's conviction for distribution of cocaine for the stated reasons that "where evidence provided by an informant is so vital to the State's indictment as to render the charges inconsequential without it, disclosure of the informant's identity is necessary to protect the defendant's right of confrontation." State v. Coleman, 96-525 (La.App. 3d Cir. 10/8/97), 702 So.2d 803, 806. We now reverse.
The state brought defendant to trial under a grand jury indictment charging him with distribution of cocaine "to an undercover agent" of undisclosed identity. At the hearing conducted on counsel's motion to disclose the agent's identity, the state explained that "it is not a C.I. situation, but rather an agent who is making a purchase," and conceded that "we have either to produce the agent or we lose our case." The state gave assurances that the agent would appear at trial and the court denied the motion for disclosure on that basis. At trial, the state *441 then produced Cameron Parish Sheriff's Office Agent 31, Garfield Baker, and the defense had ample opportunity to cross-examine him on his testimony that he exchanged 50 dollars in currency for one rock of cocaine provided by the defendant through an intermediary, Leroy Moore, Jr. The defense also had ample opportunity to cross-examine Moore, who appeared as a state witness following a plea bargain in an unrelated case and a grant of immunity compelling his testimony in this case. Moore corroborated Baker's testimony that the defendant, whom he had known all of his life, supplied the rock of cocaine exchanged for the cash provided by Baker. The state had fully acquainted the defense with this version of events by providing counsel with a copy of the incident report before trial.
The incident report also referred to Confidential Informant 106 of the Cameron Parish Sheriff's Office, whom Moore had recognized on the scene and then identified by name at trial as Leon Allen. Counsel moved to disclose the informant's identity as well and the trial court's denial of that motion ultimately became the grounds for reversal in the court of appeal when the state failed to produce Allen at trial. Allen had provided information to the authorities about the defendant's activities and accompanied Baker to the Warren Miller subdivision in Creole, Louisiana, where the sale took place in an operation supervised by narcotics officers Hebert and Cheramie. At trial, Hebert distinguished between undercover narcotics agents such as Baker, who work in the capacity of police officers under the supervision of other officers, and confidential informants who merely provide information to assist the police. Allen thus accompanied Baker and the officers "to help identify" the defendant and to "show the area" while the supervising officers positioned themselves out of sight. The testimony of Moore and Baker differed with regard to the extent of Allen's participation in putting the two of them together, but both witnesses testified that they conducted the actual exchange of 50 dollars for the rock cocaine supplied by the defendant. While Allen was on the scene he therefore did not participate directly in the transaction.
As a general rule, exceptional circumstances requiring disclosure may exist when the state "intends to introduce evidence at the merit-trial of an incident at which the informant was present or in which the informant set up or participated in the crime." State v. Diliberto, 362 So.2d 566, 567 (La. 1978). There are, however, "no fixed rule[s] with respect to disclosure." Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957). Courts must therefore consider the "particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro, 353 U.S. at 62, 77 S.Ct. at 628; see also, State v. James, 396 So.2d 1281, 1284 (La.1981) ("Although in the present case the testimony was to the effect that the informer introduced [the agent] to the defendant and accompanied them when the defendant acquired the drugs and gave them to [the agent], these actions alone did not amount to participation in the offense of distribut[ion] or `setting up' the defendant....").
In this case, although Cheramie had wired Baker for sound, the agent's microphone failed to pick up the defendant's voice during the transaction and the surveillance team therefore had no independent evidence linking the defendant to the offense. Allen did not, however, remain the only other eyewitness within the state's access with knowledge about the events surrounding the delivery of the cocaine from Moore to Baker. As the result of his plea bargain and grant of immunity from the state, and based on his lifelong acquaintanceship with the defendant, Moore corroborated Baker's testimony regarding the identity of the seller and the circumstances of the transaction. Without regard to any evidence placing Allen on the scene, jurors could rationally find from the testimony provided by Baker and Moore about their own actions and the identity of the supplier that the defendant was a principal in the delivery of the cocaine to Baker. La.R.S. 14:24. This case is therefore not one in which, taking away "evidence of the participation of the confidential informant in the events ... the evidence would have been wholly insufficient to have established that *442 defendant was a principal to the crime of distribution...." State v. Fontenot, 524 So.2d 867, 869 (La.App. 3d Cir.1988). While Allen may have been in a position to confirm or deny the critical events described by Moore and Baker, "mere speculation that an eyewitness may have some evidence helpful to defendant's case is not sufficient to show the specific need required" for disclosure of a confidential informant's identity. United States v. Jiles, 658 F.2d 194, 197 (3rd Cir. 1981), cert. denied, 455 U.S. 923, 102 S.Ct. 1282, 71 L.Ed.2d 465 (1982); James, 396 So.2d at 1284.
Under these circumstances, we find no error in the trial court's denial of the defendant's motion to disclose the identity of the state's confidential informant. Accordingly, the decision of the court of appeal is reversed, and this case is remanded for consideration of the defendant's remaining assignments of error.
JOHNSON, J., dissents.
NOTES
[*] Knoll, J., not on panel; recused. See Rule IV, Part II, Sec. 3.