hGASKINS, Judge.
The defendant, Melvin Henderson, was convicted by a jury of one count of distribution of cocaine. He was sentenced to serve twenty years at hard labor, without benefit of parole. He now appeals, claiming the trial court erred in failing to require the prosecution to reveal the identity of a confidential informant. The defendant also claims that his sentence is excessive. For the following reasons, we affirm the defendant’s conviction and sentence.
FACTS
On September 16, 1993, Officer Mike Kel-lum, of the Shreveport Police Department, was working undercover with the Morehouse Parish Sheriffs Office. A confidential informant accompanied him to the Lady Club in Bastrop, Louisiana. In the parking lot of that establishment at around 8:00 p.m., the informant motioned for the defendant to come over to the car. Officer Kellum then purchased a $25.00 rock of cocaine from the defendant. Officer Kellum gave the defen *87 dant two $20.00 bills and the defendant gave him change. The transaction was observed by Officer John Andrews, Jr., who was nearby in Jackson Park, watching the transaction with binoculars.
The substance obtained from the defendant was tested and determined to be cocaine. The defendant was arrested and charged with one count of distribution of cocaine. He was tried by jury and convicted as charged on October 18,1994.
The defendant appeared before the court for sentencing on February 21, 1995 and was ordered to serve twenty years at hard labor, without benefit of parole. The defendant made a timely motion to reconsider the sentence. The motion was denied by the trial court. On February 13, 1998, the defendant filed for and was granted an out-of-time appeal. He argues that the trial court erred in refusing to require the prosecution to reveal to him the identity of the confidential ¡¿informant. He also argues that his sentence to twenty years at hard labor is excessive.
IDENTITY OF CONFIDENTIAL INFORMANT
The defendant argues that the confidential informant was seated on the passenger side of Officer Kellum’s vehicle and the informant “negotiated the purchase Jfrom the defendant after he summoned the defendant to the car where he was sitting.” Therefore, according to the defendant, the informant participated in the drug transaction and accordingly, the defendant was entitled to discover the identity of the informant. This argument is without merit.
The question of divulging the identity of a confidential informant has long been a matter of contention in criminal eases. In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the United States Supreme Court noted that what is usually referred to as the informer’s privilege is in reality the Government’s privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. In Roviaro, the Court stated that the purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation. The court noted that one limitation on the application of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer’s identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the privilege must give way. The court found there was no fixed rule with respect to when disclosure isjyustifiable and that the resolution of the issue calls for balancing the public interest in protecting the flow of information against the individual’s right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of the case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer’s testimony and other relevant factors. In Roviaro, the confidential informant helped set up a drug deal and was the sole participant other than the accused, to the transaction. In such a situation, the defendant was entitled to disclosure of the informant’s identity.
The reasoning of Roviaro was adopted by the Louisiana Supreme Court in State v. Dotson, 260 La. 471, 256 So.2d 594 (La.1971), cert. denied 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972). In that case the court noted that, because the informant privilege is founded on public policy and seeks to advance the public interest in effective law enforcement, courts zealously guard the privilege. The court stated that the name of a confidential informant will be disclosed only under exceptional circumstances for the prevention of an injustice. The burden is upon the defendant to show exceptional circumstances justifying disclosure. According to the court, in determining whether the circumstances warrant disclosure, much discretion is vested in the trial court. The court then said:
*88 Although no fixed rule exists, the court-ordered disclosures relate to instances in which the prosecution’s case shows that the informer, cooperating with the police, participated in the crime. When the prosecution’s case shows that the informer participated in the crime, the informer’s identity should be disclosed to the defendant. In such cases, the informer does more than furnish a tip that enables the police to make an arrest. While working with the police, he takes part in the alleged transaction itself.
Subsequent cases in this state have continued to follow the reasoning set forth in Roviaro and Dotson. In order to obtain disclosure of the identity of anjjinformant, the defendant must show the existence of exceptional circumstances, such as participation by the informant in the offense. Further, the defendant must make known to the trial court the reasons for seeldng the identity of the informant, or how such knowledge will affect his defense. State v. Williams, 347 So.2d 184 (La.1977); State v. Davis, 411 So.2d 434 (La.1982). Courts must, therefore, consider the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informant’s testimony and other relevant factors in determining whether a defendant is entitled to learn the identity of an informant. State v. Coleman, 97-2802 (La.4/24/98), 713 So.2d 440.
Our courts have also held that merely introducing a defendant to an undercover agent is not sufficient participation by the informant to warrant revelation of his identity. Further, the presence of the informant with the officer and the defendant during a criminal transaction is not sufficient participation in the criminal activity to warrant disclosure of the informant’s identity. State v. Coleman, supra; State v. Davis, supra; State v. James, 396 So.2d 1281 (La.1981); State v. Harris, 28,517 (La.App.2d Cir.8/21/96), 679 So.2d 549, writ denied 96-2954 (La.9/26/97), 701 So.2d 975; State v. Baker, 28,152 (La.App.2d Cir.5/08/96), 674 So.2d 1108, writ denied 96-1909 (La.12/06/96), 684 So.2d 925; State v. Thompson, 27,543 (La.App.2d Cir.12/06/95), 665 So.2d 686; State v. Walker, 627 So.2d 785 (La.App. 2d Cir.1993); State v. McGee, 478 So.2d 249 (La.App. 2d Cir.1985). Also, the defendant must make known to the trial judge the reason for seeking discovery of the informant’s identity or how the knowledge will affect his defense. State v. Williams, supra.
^However, as in Roviaro, where the defendant actually sells drugs to an informant, and the defendant is prosecuted for that offense, the informant’s identity must be revealed. In State v. Wilson, 626 So.2d 356 (La.App. 1st Cir.1993), the defendant sold drugs directly to the confidential informant, requiring the disclosure of the informant’s identity. In State v. Fontenot, 524 So.2d 867 (La.App. 3d Cir.1988) the informant accompanied an undercover officer and others to a night spot. While alone at the bar with the defendant, the informant arranged for the sale of drugs to take place. The defendant then had a third person deliver the drugs to the establishment. The defendant was prosecuted as a principal. Because the conversation regarding the drug deal, upon which the prosecution as a principal was based, occurred solely in the presence of the informant, the court determined that the informant was more than a mere bystander or onlooker and his identity had to be revealed.
In the present case, the record shows that the informant rode in the car with Officer Kellum to the Lady Club in Bastrop. The informant saw the defendant in the parking lot and called to him. The informant then asked the defendant if he could “do a twenty,” an inquiry directed at determining whether the defendant had a $20.00 rock of cocaine to sell. The defendant replied that he could “do a quarter” meaning he had a $25.00 rock for sale. When Officer Kellum stated that he did not have change, the defendant responded that he could take Officer Kellum’s two $20.00 bills and make change. Throughout the transaction, the defendant dealt only with Officer Kellum in passing the money and the drugs. At no time did the informant touch either the funds used to purchase the drugs or the drugs themselves. In fact, Officer Kellum testified that officers are instructed that if the ^confidential infor *89 mant touches the money or the evidence, the case cannot be prosecuted.
In this case, the defendant dealt with the officer in making the drug deal. As in many of the cases cited above, the informant merely made the introduction and was present during the transaction. The confidential informant was not alone with the defendant at any time during the transaction nor did he handle the funds used to make the purchase or the cocaine. Merely making an introduction and inquiring, in the presence of an undercover officer, whether the defendant had drugs for sale, is not sufficient participation to warrant disclosure of the confidential informant’s identity. See State v. Baker, supra. Further, the defendant made no showing as to his reason for seeking the identity of the informant or how that knowledge would affect his defense. Therefore, under the facts of this case, the defendant failed to carry his burden of showing exceptional circumstances warranting the disclosure of the identity of the informant. Accordingly, the trial court did not err in denying the defendant’s request for disclosure of the name of the confidential informant.
EXCESSIVE SENTENCE
The defendant objects to his sentence of twenty years at hard labor, contending the sentence is excessive. We find that the defendant’s argument is without merit.
Following his conviction in this case, the defendant was originally scheduled to appear for sentencing on December 20, 1994. However, the defendant failed to appear and a bench warrant was issued for his arrest. The defendant eventually appeared for sentencing in this matter on February 21, 1995. The court noted that, according to the defendant’s presentenee investigation report, frthe present offense represented his third felony conviction. He was convicted in November 1975 of attempted simple burglary and was sentenced to four and one-half years at hard labor. On March 18, 1983, the defendant was again convicted of attempted simple burglary and was sentenced to serve six years at hard labor. In addition, the defendant had a juvenile adjudication in 1972 for simple burglary. The defendant also had at least four misdemeanor convictions.
According to the presentence investigation (PSI) report, the defendant had pending charges of possession of a firearm by a convicted felon and possession of cocaine with intent to distribute. The PSI report also shows that the defendant entered a guilty plea on September 19, 1994 to conspiracy to possess cocaine with intent to distribute.
In sentencing the defendant, the court noted that the defendant had previously been injured in a gun fight and a bullet was still lodged against his spine. Also, the defendant had previously been injured in a knife fight. However, the court noted that these injuries did not prevent the defendant from selling controlled dangerous substances.
The court then proceeded to sentence the defendant under the Louisiana Sentencing Guidelines, which were in effect at that time.[1] Given the offense of conviction and the defendant’s prior criminal history, the court correctly determined that the defendant fell into grid cell 2-A, requiring a term of incarceration of 210-240 months. The court sentenced the defendant to twenty years at hard labor. Also, as a third felony offender, the court determined that the defendant was not entitled to parole. La. R.S. 15:574.4(A)(1). The sentence was bordered to be served consecutively with any other sentence imposed and the defendant was given credit for time served.
Under the Louisiana Sentencing Guidelines, when a trial court sentenced a defendant within the designated sentence range on the sentence grid, it was required only to put on the record the sentence, the proper grid cell for the sentence imposed, and the factors that determined that the cell used was the proper cell. La. S.G. § 201(B); State v. Curtis, 28,309 (La.App.2d Cir.8/21/96), 679 So.2d 512, writ denied 96-2322 (La.2/7/97), 688 So.2d 496. A sentence imposed within the *90 range of a designated grid cell was not excessive under the Louisiana Constitution. La. S.G. § 201(C); State v. Curtis, supra. Therefore, under that scheme, the defendant’s sentence is not excessive.
However, even if the defendant had not been sentenced under the Louisiana Sentencing Guidelines, his sentence still would not be unconstitutionally excessive. In this case, the trial court reviewed the defendant’s presentence investigation report and noted the defendant’s extensive criminal history and lack of mitigating factors before imposing the maximum grid cell sentence upon him. Therefore, a sufficient factual basis for the sentence has been shown.
Also, the court considered the circumstances of the case and the background of the defendant in formulating a sentence that is not unconstitutionally excessive. A sentence is unconstitutionally excessive if it is grossly out of proportion to the seriousness of the offense. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice and is nothing more than a purposeless and needless infliction of pain and suffering. State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989) State v. Hogan, 480 So.2d 288 (La.1985); State v. Bonanno, 384 So.2d 355 (La.1980).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Henton, 28,576 (La.App.2d Cir.9/25/96), 682 So.2d 777, writ denied 96-2590 (La.3/27/97), 692 So.2d 391.
As noted above, the trial court considered that the defendant had an extensive criminal record including two prior felony convictions. Although the defendant argues in his brief that the trial court failed to consider that this offense was unlikely to recur, that the character and attitude of the defendant indicate he is unlikely to commit another offense and that the sentence imposed will work an extreme hardship on the defendant’s dependents, there is not one scintilla of evidence in the record to support these arguments. The defendant had a long criminal career including drug offenses, there was no showing of remorse by the defendant concerning the commission of this offense and the record indicates that the defendant is not married and does not have any dependents. Also, at the time this offense was committed, the statutory penalty for distribution of cocaine was not less than five nor more than thirty years and a fine of up to fifty thousand dollars. La. R.S. 40:967.[2] In spite of the defendant’s extensive criminal history and the lack of mitigating factors in this ease, the trial court did not choose to deviate from the sentencing guidelines to impose a more severe sentence which was available under the statute.
[oGiven the circumstances outlined above, the trial court adequately considered all applicable factors in imposing the sentence in this case. The sentence is tailored to the offender and the offense, does not shock our sense of justice and is not purposeless or needless. Therefore, we affirm the sentence imposed by the trial court.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Melvin Henderson.
AFFIRMED.

. The Louisiana Sentencing Guidelines were repealed by Acts 1995, No. 942, effective August 15,1995.

. This statute was amended by Acts 1997, No. 1284 § 1 to provide that the first five years of the sentence must be served without benefit of probation, parole or suspension of sentence.