On Remand
SEXTON, J.
| ¶ This matter is on remand from the supreme court for consideration of remaining issues in the appeal following the supreme court’s reversal of our decision on the issue of the sufficiency of the advisement of Defendant, Derrell Mendenhall, of his right of confrontation. Finding no merit in the remaining assignments of error, we affirm Defendant’s conviction and sentence.

DISCUSSION

Defendant pled guilty to attempted distribution of marijuana, admitting that he knowingly and intentionally attempted to distribute marijuana to a confidential informant. He was sentenced to five years at hard labor. On appeal, this court vacated Defendant’s conviction and sentence, finding that he had not been adequately advised of his sixth amendment right of confrontation. See State v. Mendenhall, 40,986 (La.App.2d Cir.5/19/06), 930 So.2d 1196, (Brown, J. dissenting). The supreme court reversed and remanded the matter for review of the remaining issues not considered by this court on original appeal. State v. Mendenhall, 06-1407 (La.12/8/06), 944 So.2d 560.
The issues that must now be considered by this court involve the State’s failure to identify the confidential informant in the case and whether the five-year sentence for this offender is excessive.

Identity of Confídential Informant

As a general rule, an informant’s identity is privileged information. La. C.E. art. 514; State v. Broadway, 96-2659 (La.10/19/99), 753 So.2d 801, cert. denied, 529 U.S. 1056, 120 S.Ct. 1562, 146 L.Ed.2d 466 (2000). | ?This privilege is founded upon public policy that seeks to further and protect the public interest and law enforcement by encouraging people to supply information to the police by protecting their anonymity. Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. Oliver, 430 So.2d 650 (La.1983), cert. denied, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688. The defendant bears the burden of showing exceptional circumstances which would require divulging a confidential informant’s *1257 identity, and the trial court has much discretion in deciding whether disclosure is warranted. State v. Coleman, 97-2802 (La.4/24/98), 713 So.2d 440; State v. Branch, 30,733 (La.App.2d Cir.7/6/98), 714 So.2d 1277, writ denied, 98-2359 (La.1/8/99), 734 So.2d 1227. A showing that the informant participated in the crime constitutes an exceptional circumstance requiring disclosure. State v. Thompson, 27,543 (La.App.2d Cir.12/6/95), 665 So.2d 686. The only attempt to obtain information about the informant’s identity was contained in a motion filed pro se by Defendant after he entered a guilty plea. The issue was not raised prior to the plea or at the plea hearing. During the plea, and after the prosecutor read the facts supporting the charge to Defendant, including the fact that the confidential informant entered the house and asked for $20 “worth of weed,” the trial court asked Defendant, “Is that what happened?” Defendant answered, “Yes, sir.” There were no other exchanges involving the confidential informant whatsoever.
A guilty plea relieves the state of the burden of proving guilt and waives the defendant’s right to question the state’s case as well as appellate preview of the case against the defendant. State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710. Specifically, a plea of guilty waives all nonjurisdictional defects in the proceedings prior to the plea. State v. Crosby, 338 So.2d 584 (La.1976); State v. Torres, 281 So.2d 451 (La.1973); State v. Taylor, 30,531 (La.App.2d Cir.5/13/98), 714 So.2d 143. Here, Defendant failed to inquire as to the identity of the confidential informant before entering a guilty plea and failed to reserve his right to raise this issue on appeal under Crosby, supra. Accordingly, we conclude that Defendant waived any claim to this information. Defendant’s right of confrontation was not violated by lack of knowledge of the informant’s identity.

Excessive Sentence

Defendant argues that his sentence was excessive because the trial court failed to consider mitigating factors such as his young age and that this was his first felony offense. Defendant states that the court noted his prior misdemeanor arrests, but failed to mention that he had not been convicted. He argues that he attempted to explain his statement to the probation officer contained in the pre-sentence investigation report about whether he sold drugs to supplement his income. He claims that the trial court should not have relied on the recommendation of the Department of Corrections that no portion of the sentence be suspended. The State argues that Defendant is not entitled to raise this issue for the first time on appeal. The State further claims that Defendant’s failure to present any mitigating factors at sentencing, his admission that he regularly sold marijuana and his | /‘substantial prior criminal record” support a finding that the sentence was not excessive.
The sentencing range for distribution of marijuana, the crime with which Defendant was originally charged, is imprisonment for not less than 5 nor more than 30 years at hard labor, and a fine of not more than $50,000. La. R.S. 40:966(B)(3). Any person convicted of attempted distribution of marijuana may be imprisoned for not more than 15 years at hard labor and/or fined not more than $25,000. La. R.S. 40:979(A).
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, *1258 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57 and 04-2380 (La.6/3/05), 903 So.2d 452.
|sThe important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Hogan, 480 So.2d 288 (La.1985); Bradford, supra.
A substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the more serious offense originally charged, is a legitimate consideration in sentencing. State v. Ross, 35,552 (La.App.2d Cir.2/27/02), 811 So.2d 176; Bradford, supra.
Lin the present case, the guilty plea to the reduced charge of attempted distribution reduced Defendant’s sentence exposure by one-half. At the sentencing hearing, the trial court reviewed Defendant’s age and the fact that he was a first-felony offender. Further, the trial court discussed Defendant’s eight prior misdemean- or arrests for assault and battery charges primarily “stemming from other men associating with his girlfriend,” and Defendant concurred that those arrests had occurred. When the trial court asked Defendant about his statement in the pre-sentence investigation report about selling drugs to supplement his income, Defendant replied, “I didn’t mean it like that.” The trial court replied, “You operated a drug business out of your house, involving your family in this business.” Defendant answered, “Yes, sir, I made a mistake, sir.”
The sentence imposed is at the low end of the range available for this crime, and Defendant received the benefit of a plea to the reduced charge of attempted distribution. As stated, the trial court considered Defendant’s age and arrest history. On this record, we find nothing shocking or grossly disproportionate in this sentence.

CONCLUSION

For the foregoing reasons, the conviction and sentence of Defendant, Derrell Mendenhall, are affirmed.
AFFIRMED.